THE STATE OF OHIO, APPELLEE, *v.* HALL, APPELLANT.

(No. 41309—Decided June 12, 1968.)

*Mr. Everett Burton*, prosecuting attorney, for appellee.

*Mr. Arley Hall, Jr., in propria persona.*

*Per Curiam.* The record in this case discloses that no hearing was held in either the Court of Common Pleas or in the Court of Appeals and that appellant was not represented by counsel in either proceeding.

The proper procedure in such a case is outlined in footnote 2 on page 180 in the opinion of *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 226 N. E. 2d 104, where it is stated:

"In any instance where it is alleged, and the record discloses, that a prisoner was not represented by counsel when he pleaded guilty or at the time of his trial or on a direct appeal from a judgment of conviction, the record may frequently contain insufficient evidence to justify the conclusion that the prisoner knowingly and intelligently waived his constitutional right to counsel. In such an instance, the trial court in postconviction proceedings should always appoint counsel to represent the prisoner so that there may be a judicial determination, while the prisoner is represented by counsel, on the question whether the prisoner knowingly and intelligently waived his constitutional right to counsel when he pleaded guilty or went to trial without counsel or at the time when he did appeal or could have appealed from his judgment of conviction. See *State* v. *Catlino*, 10 Ohio St. 2d 183."

268

See also *Jones* v. *State*, 8 Ohio St. 2d 21.

For the foregoing reasons, the motion to certify is allowed, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.