**Chester T. STEED, Petitioner-Appellant,**

**v.**

**William D. SALISBURY, Superintendent, Chillicothe Correctional Institute, Respondent-Appellee.**

**No. 71-1838.**

United States Court of Appeals, Sixth Circuit.

April 13, 1972.

J. Jeffrey McNealey (Court appointed), Columbus, Ohio, for petitioner-appellant; Porter, Stanley, Treffinger & Platt, Columbus, Ohio, on brief.

Jeffrey L. McClelland, Columbus, Ohio, for respondent-appellee; William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief.

Before EDWARDS and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This case arises from the denial of the appellant's petition for a writ of habeas corpus in which he alleged that he had been denied due process by the failure of his court-appointed counsel to appeal his conviction. The appellant was convicted in the Common Pleas Court of Muskingum County, Ohio, of rape and sodomy, and was sentenced to the Ohio

Penitentiary. No appeal as of right was taken from this conviction. The appellant's petition to vacate his sentence and judgment of conviction in the trial court was denied, as was his subsequent motion for a delayed appeal. No appeals were taken from the denials of these motions.

The appellant then filed his petition for a writ of habeas corpus in the District Court for the Southern District of Ohio, in which he alleged for the first time that he had been denied the effective assistance of counsel and that he had been denied his right to an appeal by the uncommunicated withdrawal of his appointed counsel from the case immediately after trial. The District Court held an evidentiary hearing, and found, among other things, that the appellant had exhausted his state court remedies, as required by 28 U.S.C. § 2254(b), and that the failure of his appointed counsel to notify the appellant of his intention to withdraw from the case did not deny him the effective assistance of counsel. The appellant's petition was denied, and this appeal perfected.

Although we recognize that the appellant's contention raises a serious federal Constitutional question [1], we are unable to reach the issue because we find that the appellant has failed to exhaust his available state court remedies on this question. Armstrong v. Haskins, 363 F. 2d 429 (6th Cir. 1966). The District Court found that "[t]he issues presented to this Court have not been raised in the state courts," but determined that resort to the state courts would be futile and therefore unnecessary under the rule of Woodards v. Cardwell, 430 F.2d 978 (6th Cir. 1970). We do not think that *Woodards* is applicable to this case.

In *Woodwards*, after an appeal on the original issues had been exhausted in all state appellate courts and the Supreme Court of the United States, the issue of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), was raised for the first time. This Court held that an appeal to the Supreme Court of Ohio would have been ineffective to protect the rights of the prisoner in light of the decision of that court in State v. Duling, 21 Ohio St.2d 13, 254 N.E.2d 670 (1970), wherein the court had held that the failure to raise the *Witherspoon* issue constituted a waiver thereof.

Unlike the *Witherspoon* issue, the Ohio courts do not construe a failure to raise the issue of the ineffective assistance of counsel as a waiver, and this issue is cognizable under the Ohio Post Conviction Act, Section 2953.21 et seq. O.R.C. Dayton v. Hill, 21 Ohio St.2d 125, 256 N.E.2d 194 (1970), State v. Juliano, 24 Ohio St.2d 117, 265 N.E.2d 290 (1970). The Ohio statute provides that these questions may be presented to the court which imposed sentence "at any time."

The appellant had and has the right to raise the issue concerning his counsel's failure to appeal his case under the provisions of Section 2953.21 et seq. O.R.C. Since the Ohio courts have not been given an opportunity to pass upon this issue, we decline to do so. The remedies available to the appellant under Ohio law must be exhausted before resorting to the Federal Courts. Kimbro v. Bomar, 333 F.2d 755, 758 (6th Cir. 1964).

We therefore affirm the judgment of the District Court denying the petition, without prejudice to the filing of a new petition after state remedies have been exhausted as to the newly raised issues.

---

1. Several Supreme Court cases indicate that the facts alleged in this case may well represent a denial of equal protection to an indigent defendant by depriving him of counsel on appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). See also Benoit v. Wingo, 423 F.2d 880 (6th Cir. 1970); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir. 1970), and Woodall v. Neil, 444 F.2d 92 (6th Cir. 1971). In this last case, this Court strongly implied that the abandonment of an appeal without the client's consent and without warning "so as effectively to deprive him of his right to appeal" can represent a Constitutional violation.