THE STATE OF OHIO, APPELLANT, *v.* MILANOVICH, APPELLEE.

[Cite as State v. Milanovich (1975), 42 Ohio St. 2d 46.]

(No. 74-350—Decided April 2, 1975.)

48

*Mr. Joseph J. Baronzzi,* prosecuting attorney, for appellant.

*Mr. David W. Fais,* for appellee.

STERN, J. This is a case brought under R. C. 2953.21, Ohio's statutory provision for postconviction determination of constitutional rights. R. C. 2953.21 provides, in part:

"(C) Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. Such court reporter's transcript if ordered and certified by the court shall be taxed as court costs. If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal.

"(D) Within ten days after the docketing of the petition, or within such further time as the court may fix for good cause shown, the prosecuting attorney shall respond by demurrer, answer, or motion. Within twenty days from the date the issues are made up either party may move for summary judgment as provided in Section 2311.041 of the Revised Code. A bill of exceptions is not necessary in

seeking summary judgment. The right to such judgment must appear on the face of the record.''

Under R. C. 2953.21, an action for postconviction relief is a civil proceeding, in which the prosecuting attorney represents the state as a party.

R. C. 2953.21(E) provides, in part:

''Unless the petition and files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *.''

In the instant case, petitioner's claim is that his guilty plea was induced by counsel's promise that ''shock parole'' would be granted if petitioner entered a guilty plea.

If this allegation is true, appellee's conviction was arguably voidable. As was said in *Machibroda* v. *United States* (1962), 368 U. S. 487, 493:

'' * * * A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack. See *Walker* v. *Johnston,* 312 U. S. 275; *Waley* v. *Johnston,* 316 U. S. 101; *Shelton* v. *United States,* 356 U. S. 26, reversing, 246 F. 2d 571. 'A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.' *Kercheval* v. *United States,* 274 U. S. 220, 223.''

Further, appellee's claim is one which cannot be determined by an examination of the petition or the files and records of the case. The allegation primarily concerns out-of-court conversation between petitioner and his appointed counsel. None of the files or records could ordinarily provide direct evidence of the substance of such conversations.

The trial judge relied upon the transcript of the change

of plea hearing to infer that appellee's claim was untrue. Certainly, the fact that appellee signed a change-of-plea form, in open court, which stated that no promises of leniency or probation had been made, weighs heavily against any claim to the contrary. Nevertheless, the procedural mechanism of obtaining a signed statement that a guilty plea was voluntary cannot preclude all further challenge; "* * * like any procedural mechanism, its exercise is neither always perfect nor uniformly invulnerable to subsequent challenges calling for an opportunity to prove the allegations." *Fontaine* v. *United States* (1973), 411 U. S. 213, 215. In particular, we cannot agree with the finding of the Court of Common Pleas "[t]hat the record shows that petitioner's claim that he was assured by his counsel that he would be placed on probation is untrue." No such showing appears on the record, even in the form of a statement by Mr. Lewis, who was present at the hearing. The possibility exists that the in-court statements which appear on the record were part of an out-of-court understanding, in furtherance either of a plea bargain or of a plan which petitioner's counsel had promised would result in "shock parole."

Because the petition raised a claim which was sufficient on its face to raise a constitutional issue, and the files and records of the case did not affirmatively disprove that petitioner was entitled to relief, the petition stated a substantive ground for relief. Therefore, it was error for the trial court to dismiss the petition.

Properly, a petition which states a substantive ground for relief and which relies upon evidence outside the record should be considered by the court, upon motion by the prosecuting attorney. This does not necessarily require that an evidentiary hearing be held for every petitioner who relies upon matters outside the record, since evidence of such matters may be introduced by motion for summary judgment by either the petitioner or the prosecuting attorney. R. C. 2953.21(D) provides, in part, that:

" * * * Within twenty days from the date the issues

are made up either party may move for summary judgment as provided in Section 2311.041 of the Revised Code. A bill of exceptions is not necessary in seeking summary judgment. The right to such judgment must appear on the face of the record.''

R. C. 2311.041 has been replaced by the substantially similar provisions of Civ. R. 56, which sets out procedures on a motion for summary judgment in this as in other civil cases involving summary judgments. The motion may be made either with or without supporting affidavits, and ''[s]ummary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.''

In the case of a petition which states a substantive ground for relief and which relies upon matters outside the record, the court should thus proceed to a prompt evidentiary hearing, unless the prosecuting attorney files a motion for summary judgment in accordance with Civ. R. 56. If, in the language of that rule there is ''no genuine issue as to any material fact,'' and ''it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the * * * [petitioner], such party being entitled to have the evidence or stipulation construed most strongly in his favor,'' the court should dismiss the petition.

It may be useful to note that cases of postconviction relief pose difficult problems for courts, petitioners, defense counsel and prosecuting attorneys alike. Cases long considered to be fully adjudicated are reopened, although memories may be dim and proof difficult. The courts justifiably fear frivolous and interminable appeals from prisoners who have their freedom to gain and comparatively little to lose. Yet these very difficulties make imperative the duty of

courts to carefully exercise their judicial functions, and, most importantly, the duty of prosecuting attorneys to exercise their functions as adversaries, within the procedural framework set out in R. C. 2953.21. In postconviction cases, only careful adherence to the provisions of Civ. R. 56 can assure that the rights and obligations of both parties are fairly treated and respected.

In the instant case, the prosecuting attorney did seek to have his motion to dismiss treated as a motion for summary judgment, but this motion was not based upon any affidavits, did not satisfy the procedural requirements of a motion for summary judgment, and was apparently not a basis for the trial court's dismissal of the petition.

For the reasons stated herein, we affirm the judgment of the Court of Appeals, and remand the cause to the Court of Common Pleas for further proceedings not in conflict with this decision.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., dissents.