THE STATE OF OHIO, APPELLEE, *v.* MISHELEK, APPELLANT.

[Cite as State v. Mishelek (1975), 42 Ohio St. 2d 140.]

(No. 74-374—Decided April 23, 1975.)

*Mr. Joseph J. Baronzzi,* prosecuting attorney, for appellee.

*Mr. James Richard Mishelek, in propria persona.*

*Per Curiam.* This court recently held in *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, that "where a claim raised by a petition for postconviction relief under R. C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief," and is sufficient to warrant an evidentiary hearing.[2]

Therefore, on authority of, and for the reasons stated

---

[2]However, as this court pointed out in *Milanovich*, at page 50, "this does not necessarily require that an evidentiary hearing be held for every petitioner who relies upon matters outside the record, since evidence of such matters may be introduced by motion for summary judgment by either the petitioner or the prosecuting attorney."

in, *State* v. *Milanovich*, the motion for leave to appeal is allowed, and the judgment of the Court of Appeals is reversed, and, in accordance with *Milanovich*, the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN and W. BROWN, JJ., concur.

HERBERT, CELEBREZZE and P. BROWN, JJ., dissent.

HERBERT, J., dissenting. No decision of the United States Supreme Court yet requires us to hold as we did in *Milanovich* and as the majority does in the case at bar. *Milanovich* involved counsel appointed and paid by the state. The instant case concerns counsel retained and paid by the accused. I do not believe that the fair and orderly administration of criminal justice will be served by reaching the same result in both of these cases.

P. BROWN, J., concurs in the foregoing dissenting opinion.