**Willie Joe KING, Petitioner,**

v.

**E. P. PERINI, Supt., Respondent.**

**No. C76–740.**

United States District Court,
N. D. Ohio, E. D.

Nov. 8, 1976.

Willie Joe King, in pro. per.

William J. Brown, Atty. Gen., of Ohio, Simon B. Karas, Asst. Atty. Gen., John O. Tabacchi, Legal Intern, Columbus, Ohio, for respondent.

### MEMORANDUM OF OPINION

MANOS, District Judge.

Respondent, E. P. Perini, Superintendent of Marion Correctional Institution, has custody of petitioner Willie Joe King. On March 22, 1976 petitioner was committed to the Ohio Department of Rehabilitation and Correction pursuant to an order of the Lo-

rain County, Ohio, Court of Common Pleas. King is currently serving a sentence of eighteen months to five years for violation of Section 3719.09(A), Ohio Revised Code, illegal possession of narcotics, and he seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

On December 19, 1973 petitioner King was indicted by the Lorain County, Ohio Grand Jury. The indictment contained three counts: two counts of sale of a narcotic drug, in violation of Section 3719.-20(B), Ohio Revised Code, and one count of possession for sale of a narcotic drug, in violation of Section 3719.20(A), Ohio Revised Code. *See,* Document Number 1 attached to Respondent's Motion to Dismiss.

In Case Number CR17256 King, represented by counsel, entered a guilty plea to possession for sale of a narcotic drug, and the prosecutor nolled the two remaining counts of sale of a narcotic drug. *See,* Document Number 3 attached to Respondent's Motion to dismiss. On November 14, 1974, petitioner King was sentenced to ten to twenty years in prison on his plea of guilty.

King appealed this conviction to the Ohio Ninth District Court of Appeals, and on December 17, 1975 that court reversed his conviction and remanded his case because the trial judge failed to properly advise King of his rights before accepting his guilty plea. *See,* Ohio Crim.Rule P. 11; Document Number 4, p. 9, attached to Respondent's Motion to Dismiss.

In January 1976 King was reindicted by the Lorain County Grand Jury for complicity and illegal sale of a narcotic. *See,* Document Number 6 attached to Respondent's Motion to Dismiss. On March 22, 1976 petitioner, represented by counsel, entered a plea of guilty to the same charge he had pleaded guilty to in November 1974, illegal possession of a narcotic, in violation of Ohio Revised Code § 3719.09(A), and he was sentenced to serve an indeterminate term from a minimum of eighteen months to a maximum of five years. *See* Document Number 7 attached to Respondent's Motion to Dismiss.

On April 19, 1976, King filed a post-conviction petition to vacate sentence, pursuant to Ohio Revised Code § 2953.21 in the Lorain Court of Common Pleas. *See,* Document Number 8 attached to Respondent's Motion to Dismiss. The record does not indicate that a final decision has yet been rendered on this petition lodged in the Common Pleas Court, nor does the record indicate that King sought further remedies in the Ohio state courts.

On July 29, 1976 petitioner King filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 alleging that he is held in custody in violation of his constitutional rights.

Respondent E. P. Perini moves this Court to dismiss King's petition for federal habeas corpus relief because he has not exhausted his available state remedies. *See,* 28 U.S.C. § 2254; *See, Brown v. Allen,* 344 U.S. 443, 448–49, fn. 3, 73 S.Ct. 397, 97 L.Ed. 469 (1953); *Fay v. Noia,* 372 U.S. 391, 398–99, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Wilwording v. Swanson,* 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Roberts v. LaVellee,* 389 U.S. 40, 42–43, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); *Slayton v. Smith,* 404 U.S. 53, 54, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971); *Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 1752–53, 44 L.Ed.2d 317 (1975); *Francisco v. Gathright,* 419 U.S. 59, 95 S.Ct. 257, 259, 42 L.Ed.2d 226 (1974); *Coleman v. Maxwell,* 351 F.2d 285, 286 (6th Cir., 1965); 28 U.S.C. § 2254(b).

## I.

## EXHAUSTION

The petitioner charges that he was convicted on a guilty plea induced by unconstitutionally obtained evidence, in violation of the Fourth and/or Fifth and Fourteenth Amendments to the United States Constitution, and that he did not have the assistance of effective counsel in tendering his plea of guilty, in violation of the Sixth and Fourteenth Amendments to the United States Constitution. *See,* King's Petition for Ha-

beas Corpus, p. 5. Both of these federal constitutional claims are properly cognizable in an action predicated on 28 U.S.C. § 2254 provided the petitioner first exhausts the available state court remedies which are open to him as a matter of right.[1] In *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540, (1975) the Ohio Supreme Court held that Ohio post-conviction relief under § 2953.21 of the Ohio Revised Code is available to any convict whose post-conviction petition "states a substantial ground [*i. e.*, raises a constitutional issue] for relief . . . which relies upon *evidence outside the record*" (emphasis added). This principle was reaffirmed in *State v. Mishelek*, 42 Ohio St.2d 140, 141, 326 N.E.2d 659 (1975) and *State v. Hester*, 45 Ohio St.2d 71, 76, 341 N.E.2d 304 (1976).

■ Petitioner King's charge that his guilty plea was induced by unconstitutionally obtained evidence must be established by information *outside the record* because both of his convictions were obtained through guilty pleas and consequently none of the evidence against him could appear in the record.[2] King's Fourth and Fifth Amendment charge is cognizable in the Ohio post-conviction proceeding which is not yet final,[3] and he has failed to exhaust his available state remedies with respect to that constitutional claim. *See, Juliano v. Cardwell*, 423 F.2d 1051 (6th Cir. 1970); *Steed v. Salisburg*, 459 F.2d 475, 476 (6th Cir. 1972). The Court dismisses that claim because of King's lack of exhaustion of his available post-conviction remedies under Ohio Revised Code § 2953.21. *See, 28 U.S.C. § 2254(b).*[4]

Petitioner King's charge that he plead guilty without the effective assistance of counsel in violation of the Sixth Amendment must also be dismissed for failure to exhaust the Ohio post-conviction remedies which are available to him as a matter of right. *See, Ohio Revised Code § 2953.21; State v. Perry*, 10 Ohio St.2d 175, 179–80, fn. 2, 226 N.E.2d 104 (1967); 28 U.S.C. § 2254(b); *McAfee v. Patterson*, Case No. C75–459 (N.D.Ohio, March 31, 1976).

## II.

### NON-CONSTITUTIONAL CHARGES

■ Petitioner King also seeks to litigate three non-constitutional issues in his § 2254 action. These issues are:

---

**1.** *See*, authority cited in text *supra*. *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) does not govern this case because King received no State Court hearing on his Fourth Amendment claim.

**2.** This Court reads *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975) as an expansion of the scope of Ohio post-conviction beyond *State v. Perry*, 10 Ohio St.2d 175, 179–80, 226 N.E.2d 104 (1967), because the language of *Milanovich* clearly recognizes that post-conviction relief is available to litigate *all* issues based on facts outside the record and that it is not limited to issues involving ineffective assistance of counsel. Compare the pre-*Milanovich* case of *Allen v. Perini*, 424 F.2d 134, 139–40 (6th Cir. 1970), *cert. den.* 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). None of the facts necessary to sustain King's claims will be in his guilty plea record because there is no factual basis requirement for taking guilty pleas in Ohio courts. *See, Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *State v. Ricks*, 48 Ohio App.2d 128, 130–31, 356 N.E.2d 312 (Cuyahoga, 1976).

**3.** Document 10 attached to the Defendant's Motion to Dismiss demonstrates that King's Ohio post-conviction proceedings are not yet final.

**4.** Dismissal of § 2254 petitions for failure to exhaust state remedies which are available as a matter of right are dismissals for lack of subject matter jurisdiction, *see, Brown v. Allen*, 344 U.S. 443, 506, 73 S.Ct. 397, 97 L.Ed. 469 (1953), and is therefore not a dismissal on the merits. Such a dismissal does not preclude the petitioner from refiling his petition after he exhausts his available state remedies. The transcript of the petitioner's guilty plea which has been lodged with this Court suggests that his plea may have been taken without compliance with the requirements of *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108 (1976). However, the petitioner does not seek to raise that issue in his current petition for habeas corpus, perhaps because the record does not show that he has litigated the *Morgan* issue in the state courts. *See also, Lefkowitz v. Newsome*, 420 U.S. 283, 288–93, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975); *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 242, fn. 2, 46 L.Ed.2d 195 (1975).

(1) The Court of Common Pleas of Lorain County erred in reindicting him.[5]

(2) The Grand Foreman failed to affix his signature to the indictment.

(3) The trial judge at his second trial failed to certify that he was familiar with the trial record.

The Court dismisses these charges because *non-constitutional* challenges to state convictions which could have been raised on direct appeal are not cognizable in federal habeas corpus under 28 U.S.C. § 2254(a); *Sunal v. Large*, 332 U.S. 174, 178–79, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *Davis v. United States*, 417 U.S. 333, 345–46, fn. 15, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Compare, Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). *See also, Stone v. Powell*, 428 U.S. 465, 477, 96 S.Ct. 3037, 3043, fn. 10, 49 L.Ed.2d 1067 (1976).

In conclusion, King's petition for habeas corpus is dismissed for lack of subject matter jurisdiction because he has not exhausted his available state post-conviction remedies regarding his two federal constitutional claims, and his three other claims are not cognizable under 28 U.S.C. § 2254.

This Memorandum is adopted as findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 41(b), 52(a).

IT IS SO ORDERED.

---

5. Petitioner King makes no double jeopardy claim based on the Fifth Amendment to the United States Constitution.