Carl R. BURROWS, Petitioner-Appellant,

v.

Ted ENGLE, Superintendent, Respondent-Appellee.

No. 76–1690.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 10, 1976.

Decided Dec. 1, 1976.

Carl R. Burrows, pro se.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Columbus, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This appeal is considered pursuant to Sixth Circuit Rule 3(e).[1]

Carl Ray Burrows appeals from the dismissal of his petition for a writ of habeas corpus. He was indicted for the crimes of aggravated burglary and theft in violation of §§ 2911.11 and 2913.02, Ohio Revised Code. While represented by counsel, he withdrew his initial plea of not guilty and entered a plea of guilty to the charge of theft, whereupon the aggravated burglary charge was dismissed. The petition of Burrows for a writ of habeas corpus was dismissed by the Supreme Court of Ohio on February 20, 1976.

The claimed constitutional deprivation was that the indictment against Burrows did not comply with Ohio Const. art. IV, § 20, in that it failed to conclude with the words "[A]gainst the peace and dignity of the State of Ohio."

In dismissing the petition, District Judge Joseph P. Kinneary correctly held that allegations of technical defects in the indictment fail to state a claim for federal habeas corpus relief. *Knewel v. Egan,* 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); *Kimbro v. Bomar,* 333 F.2d 755, 757 (6th Cir. 1964).

Judge Kinneary further held that a guilty plea represents a break in the chain of events which preceded it in the criminal process. This precludes Burrows from raising independent claims relating to the deprivation of constitutional rights which occurred prior to the entry of the guilty plea. *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

Finally, Burrows asserts that he has been deprived of effective assistance of counsel. This contention has never been litigated in the State courts and Burrows has not exhausted his State remedies as required by 28 U.S.C. § 2254(b). A post conviction remedy is available to him in the State courts under § 2953.21, Ohio Rev. Code, despite the fact that his conviction was upon a guilty plea. *Steed v. Salisbury,* 459 F.2d 475 (6th Cir. 1972); *State v. Hester,* 45 Ohio St.2d 71, 341 N.E.2d 304 (1976); *State v. Mishelek,* 42 Ohio St.2d 140, 326 N.E.2d 659 (1975); *State v. Milanovich,* 42 Ohio St.2d 46, 325 N.E.2d 540 (1975).

It is manifest that the questions on which the decision of this cause depends are so unsubstantial as not to need further argument. Sixth Circuit Rule 8.

Accordingly, the judgment of the District Court dismissing the petition is affirmed.

1. *(e) Docket Control.* In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rule 7(e), 8 or 9 or any other rule of this court.