Clennie H. SAYLOR,
Petitioner-Appellant,

v.

Roger T. OVERBERG, Supt.,
Respondent-Appellee.

No. 79–3135.

United States Court of Appeals,
Sixth Circuit.

Sept. 14, 1979.

Clennie H. Saylor, Marillyn Fagen D'Amelio, Cleveland, Ohio [Court-Appointed CJA], for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Randall G. Burnworth, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before LIVELY, ENGEL and KEITH, Circuit Judges.

## ORDER

This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

Petitioner appeals from the District Court's dismissal of his application for a writ of habeas corpus. 28 U.S.C. § 2254. This was petitioner's second attempt at habeas corpus, his first application having been denied by the District Court, with affirmance by this Court and certiorari denied by the Supreme Court of the United States.

In the present proceedings, the District Court held that petitioner had not exhausted his state remedies with respect to his claim that he was denied effective assistance of counsel in the state proceedings. This particular claim may be raised under Ohio's Post-Conviction Act, Ohio Rev. Code § 2953.21, *et seq. State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976); *Burrows v. Engle*, 545 F.2d 552 (6th Cir. 1976). This Court's subsequent decision in *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979), does not require a contrary conclusion under the facts of this case.

The District Court held that the other two claims in his application for habeas

corpus have been included, in somewhat different form, in petitioner's previous habeas corpus action, and declined to consider them. Rule 9, Rules Governing Section 2254 cases. We find no abuse of discretion in this action of the District Court.

One of the previously considered grounds was the claim that there was insufficient evidence to support petitioner's conviction for perjury. The District Court in the earlier habeas corpus action applied the test of "totally devoid of evidentiary support," *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), in finding petitioner had not made out a case of due process violation. Subsequently, the Supreme Court and this Court have announced a less stringent test in considering habeas corpus claims based on insufficiency of the evidence. *Jackson v. Virginia*, —— U.S. ——, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Speigner v. Jago*, 603 F.2d 1208 (6th Cir. 1979).

Applying the less stringent standard, we find that the evidence was such that a rational factfinder could have found petitioner guilty beyond a reasonable doubt of perjury under Ohio law. The petitioner is not entitled to habeas relief on the basis of an alleged insufficiency of the evidence at his state trial.

The panel concludes that the questions on which decision of this case depends are so unsubstantial as not to require further argument. The judgment of the District Court is affirmed. Rule 9(d)3, Rules of the Sixth Circuit.