**Joseph T. BUCKLEY, Jr., Plaintiff,**

v.

**William DALLMAN, Respondent.**

**No. C–3–82–113.**

United States District Court,
S. D. Ohio, W. D.

May 28, 1982.

Konrad Kuczak, Dayton, Ohio, for plaintiff.

Karen A. Kolmacic, Asst. Atty. Gen., Columbus, Ohio, for respondent.

RICE, District Judge.

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254. Having received respondent's Return of Writ (doc. # 8), this matter is currently before the Court to "determine whether an evidentiary hearing is required" and if not, to "make such disposition of the petition as justice shall require." 28 U.S.C. § 2254, Rule 8(a).

Petitioner is presently incarcerated at the Lebanon Correctional Institution, serving sentences imposed upon him by the Court of Common Pleas of Darke County, for convictions in three criminal cases, *i.e.*, Case Nos. 8847, 8870, and 8799. Petitioner seeks federal habeas relief on four grounds, to wit:

1. that the plea negotiations which led to a guilty plea by petitioner in Case No. 8799 were conducted, and a conviction obtained without the aid. of counsel, thereby depriving petitioner his Sixth Amendment rights;

2. that the plea bargain agreement under which petitioner was allegedly promised a maximum sentence of 15 years in exchange for his guilty pleas in Case Nos. 8847 and 8870 was breached as a result of ineffective assistance of counsel, thereby denying petitioner his Sixth Amendment rights;

3. that the trial court's imposition of a five-to-15 year sentence in Case No. 8799, to run concurrently with the sentences imposed in Case Nos. 8847 and 8870 is contrary to Ohio Rev.Code § 2929.41(B)(3); and

4. that petitioner is being denied due process by virtue of the Adult Parole Authorities' failure to consider his application for shock parole.

Respondent contends that petitioner has state court remedies available to him on all four of the above-enumerated claims and that the petition should, therefore, be dismissed in its entirety pursuant to 28 U.S.C. § 2254(b) and (c). Alternatively, even if the Court were to find that petitioner has no available state court remedies or that he has fully exhausted same with respect to fewer than all four of the asserted claims, respondent contends that the Supreme Court's recent decision in *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), nonetheless, mandates dismissal of the petition in its entirety.

In *Rose v. Lundy, supra*, which was decided approximately three weeks before the present petition was filed, the Supreme Court adopted a "total exhaustion rule," under which "a district court *must* dismiss habeas petitions containing *both* unexhausted *and* exhausted claims." —— U.S. at ——, 102 S.Ct. at 1205. Thus, if this Court

finds that petitioner has state court remedies available to him *with respect to any one of his four claims,* the entire petition must be dismissed, and no inquiry into any of his claims is required or appropriate.

Based upon a review of the materials submitted, the reasoning and citations of authority contained in respondent's Return of Writ, *see,* doc. # 8, at 5–6, and for the reasons set forth briefly below, the Court concludes that the instant petition must be dismissed in its entirety for the reason that petitioner has failed to exhaust his available state remedies with respect to his Sixth Amendment claims (Grounds # 1–2).

28 U.S.C. § 2254(b) provides:

An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

The exhaustion requirement reflects a policy of federal-state comity. *See, Fay v. Noia,* 372 U.S. 391, 419–20, 83 S.Ct. 822, 838, 9 L.Ed.2d 837 (1963). The Supreme Court has emphasized "that the federal claim must be fairly presented to the state court," *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), in order " 'to give the State the initial "opportunity to pass upon and correct" the alleged violations of its prisoners' federal rights.' " *Id.* at 275, 92 S.Ct. at 512, *quoting, Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971).

The materials currently before the Court indicate that no Ohio court has, as yet, been afforded an opportunity to consider either of petitioner's Sixth Amendment claims. Judgment in Case No. 8799 was entered upon petitioner's guilty plea; thus, there was no direct appeal taken in which petitioner could have asserted that the plea negotiations leading to his guilty plea were conducted without the aid of counsel. Similarly, no Ohio court has passed on the question whether petitioner's counsel in Case Nos. 8847 and 8870, who perfected his direct appeal and who also unsuccessfully sought leave to appeal in the Ohio Supreme Court was ineffective, as claimed by petitioner.

It is well settled that Sixth Amendment claims, such as those presented in the instant petition, which have not been previously presented for state court consideration, may be raised under Ohio's Post-Conviction Act, Ohio Rev.Code § 2953.21 *et seq. See, e.g., Saylor v. Overberg,* 608 F.2d 670 (6th Cir. 1979); *Burrows v. Engle,* 545 F.2d 552 (6th Cir. 1976); *Esherick v. Perini,* 475 F.2d 577 (6th Cir. 1973). *See also, State v. Hester,* 45 Ohio St.2d 71, 341 N.E.2d 304 (1976); *State v. Hall,* 14 Ohio St.2d 266, 237 N.E.2d 897 (1968). "The Ohio statute provides that [questions of ineffective assistance of counsel] may be presented to the court which imposed sentence 'at any time.' " *Steed v. Salisbury,* 459 F.2d 475, 476 (6th Cir. 1972).

Because petitioner has failed to exhaust the state court remedy which remains available to him with respect to his Sixth Amendment claims, *i.e.,* by filing a petition to vacate or set aside sentence pursuant to Ohio Rev.Code § 2953.21, this Court need not determine whether, and to what extent, he has exhausted his available state court remedies with respect to his remaining two claims for relief (Grounds # 3–4). Under the "total exhaustion rule," announced in *Rose v. Lundy, supra,* the instant petition must be and is hereby dismissed in its entirety.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.