Gary REAMS, Petitioner,

v.

James BERRY, et al., Respondents.

No. C-3-82-078.

United States District Court,
S. D. Ohio, W. D.

June 25, 1982.

Gary Reams, petitioner pro se.

William J. Brown, Atty. Gen., Columbus, Ohio, for respondent.

DECISION AND ENTRY ON PRELIMI-
NARY CONSIDERATION OF PETI-
TION OF WRIT OF HABEAS COR-
PUS; PETITION DISMISSED; TER-
MINATION ENTRY

RICE, District Judge.

The captioned cause is an application for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254. The matter is currently before the Court for preliminary consideration pursuant to 28 U.S.C. § 2254, Rule 4, which provides in pertinent part:

> The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

Upon consideration of the claims raised by petitioner in light of the applicable legal authority, and for the reasons set forth briefly below, the Court concludes that the entire petition is subject to summary dismissal pursuant to 28 U.S.C. § 2254, Rule 4.

*Background*

In August, 1980, petitioner entered a plea of guilty in the Clark County Court of Common Pleas to the offense of sexual battery in violation of the Ohio criminal code. *See,* Ohio Rev.Code § 2907.03. The trial court entered judgment of conviction and sentenced petitioner to a term of three to 10 years. According to the petition, peti-

tioner was represented at arraignment and plea, and at sentencing by the same attorney, a public defender from Springfield, Ohio.

No direct appeal from the judgment of conviction was taken by petitioner. It also appears from the instant petition that petitioner has not previously presented his claims to any state or federal court nor has he previously filed any petition, application or motion relating to the state court judgment under which he is currently incarcerated.

In the instant action, petitioner has raised three claims in support of federal habeas corpus relief, to wit: 1. that his conviction was obtained in violation of the privilege against self-incrimination; 2. that his conviction was obtained through the use of a coerced confession; and 3. that he was denied effective assistance of counsel.

The facts alleged by petitioner in support of these claims are both vague and disjointed. To summarize briefly, petitioner alleges that he was arrested and charged with the offense, to which he ultimately entered a guilty plea, only after, and as a direct result of, sending certain letters to, and having a conversation with employees of Family Services of Springfield, Ohio; that he entered his guilty plea because of certain assurances or promises by the assistant prosecutor, which were conveyed to him by his mother and which were neither mentioned nor honored at his sentencing; and that his attorney, the public defender, had erroneously told him that he would be pleading guilty to a non-violent crime when, in reality, sexual battery, Ohio Rev.Code § 2907.03, is classified as a violent offense. See, Ohio Rev.Code § 2901.01(I)(1). There are also allegations set forth in the petition regarding the purported romantic involvement of the deputy sheriff who arrested petitioner and petitioner's common-law wife and regarding a letter to petitioner from his common-law wife, the sum and substance of which was that petitioner should plead guilty to offense charged.

## DISCUSSION

### A. Claims # # 1–2 (Self-Incrimination and Coerced Confession)

█ It is well settled that "after a criminal defendant pleads guilty, on advice of counsel, he is not automatically entitled to federal collateral relief ...." *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). *See, Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970) (collectively known as "*Brady* trilogy"). *See also, Burrows v. Engle*, 545 F.2d 552 (6th Cir. 1976). "The focus of federal habeas inquiry is the nature of the advice [tendered by counsel] and the voluntariness of the plea, *not the existence* as such *of an antecedent constitutional infirmity.*" *Tollett, supra*, 411 U.S. at 266, 93 S.Ct. at 1607 (emphasis added).

In *Tollett*, the Supreme Court reaffirmed and succinctly reiterated the principles first articulated in the *Brady* trilogy, which principles are controlling as to petitioner's first two claims in the instant action:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, *he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.* He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, *supra*].

A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement that he might have to the charge, no matter how peripheral such a plea might be to the normal focus of

counsel's inquiry. And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, *McMann, supra,* it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings.

*Id.* at 267, 93 S.Ct. at 1608 (emphasis added); *see also, Burrows, supra,* 545 F.2d at 553.

Despite the vague and disjointed nature of the underlying factual allegations, it is absolutely clear from the face of the petition that the first two claims raised therein, *i.e.,* that petitioner's conviction was obtained (1) in violation of his privilege against self-incrimination and (2) through the use of a coerced confession, are both predicated on events which allegedly occurred before petitioner entered his plea in the state criminal proceedings. Under the foregoing principles, the fact that petitioner ultimately pled guilty to the offense with which he was charged, coupled with the further fact that petitioner was represented by counsel when the guilty plea was entered, have the legal effect of cutting off whatever right petitioner might have had to raise either of these claims and obtain relief therefor. Under the *Brady* trilogy, *Tollett,* and *Burrows,* petitioner's guilty plea constitutes a "break in the chain of events which preceded it in the criminal process," and forecloses this Court from considering either of these two claims as independent bases upon which to grant federal habeas corpus relief. Therefore, pursuant to 28 U.S.C. § 2254, Rule 4, the petition is hereby dismissed with respect to petitioner's first two claims.

### B. *Claim # 3 (Ineffective Assistance of Counsel)*

Petitioner's remaining claim is that he was denied effective assistance of counsel. Underlying this claim is petitioner's allegation that his attorney, a public defender from Springfield, Ohio, told him that he would be pleading guilty to a non-violent offense; whereas, in reality, the offense of sexual battery, Ohio Rev.Code § 2907.03, is classified under Ohio law as a violent offense. *See, id.,* § 2901.01(I)(1). For the reasons stated below, this claim is also subject to summary dismissal pursuant to 28 U.S.C. § 2254, Rule 4.

■ The entry of a guilty plea does not, as a matter of law, preclude petitioner from raising a claim of ineffective assistance of counsel as a basis for federal habeas relief, as it did with respect to petitioner's first two claims, both of which related to alleged constitutional deprivations antedating the entry of his plea. The Supreme Court has recognized that a guilty plea may be impeached, and federal habeas relief granted, where a criminal defendant can demonstrate that he "was incompetently advised by his attorney," *McMann, supra,* 397 U.S. at 772, 90 S.Ct. at 1449, that is, where he can prove that his attorney's advice was not "within the range of competence demanded of attorneys in criminal cases." *Id.* at 771, 90 S.Ct. at 1449. *See also, Brady, supra,* 397 U.S. at 756–58, 90 S.Ct. at 1473–74; *Parker, supra,* 397 U.S. at 797, 90 S.Ct. at 1462; *Tollett, supra,* 411 U.S. at 266–67, 93 S.Ct. at 1607–08.

■ However, before such a claim is properly raised in a federal habeas action, petitioner must satisfy the requirements of 28 U.S.C. § 2254(b), (c), by exhausting the remedies available to him in the state court system.

Section 2254(b) provides:

An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

Section 2254(c) provides:

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has a right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion requirement reflects a policy of federal-state comity. *See, Fay v. Noia*, 372 U.S. 391, 419–20, 83 S.Ct. 822, 838, 9 L.Ed.2d 837 (1963). The Supreme Court has emphasized "that the federal claim must be fairly presented to the state court," *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), in order " 'to give the State the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.' " *Id.* at 275, 92 S.Ct. at 512, *quoting, Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971).

As noted earlier, petitioner has not previously presented any claim or commenced any action relating to the state court judgment under which he is currently incarcerated, in either state or federal court. He states in his petition that his failure to do so resulted from not having an attorney, and from not being able to obtain any kind of legal assistance, during his current confinement. However, even assuming the validity of his allegations, and the inferences arising therefrom that petitioner is indigent and thus not in a position to retain counsel at the present time, this does not mean that he is currently without an available avenue to redress his claim of ineffective assistance or that this avenue will prove ineffective in vindicating the constitutional right he alleges was violated.

Ohio's Post-Conviction Act, Ohio Rev. Code § 2953.21 provides in part:

(A) Any person convicted of a criminal offense . . . claiming that there was such a denial or infringement of his rights as to render judgment void or voidable under the Ohio Constitution or Constitution of the United States, may file a verified petition *at any time* in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief [emphasis added].

It is well settled that a claim of ineffective assistance of counsel may be raised under the Ohio Post-Conviction Act. *See, Saylor v. Overberg*, 608 F.2d 670 (6th Cir. 1979); *Esherick v. Perini*, 475 F.2d 577, 578 (6th Cir. 1973) (claim of ineffective assistance of counsel "is clearly cognizable under the statute"); *see also, State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976). It is also settled law that this post-conviction remedy is available to petitioner, "despite the fact that his conviction was upon a guilty plea." *Burrows, supra*, 545 F.2d at 553. *See also, Steed v. Salisbury*, 459 F.2d 475 (6th Cir. 1972); *State v. Hester, supra*; *State v. Mishelek*, 42 Ohio St.2d 140, 326 N.E.2d 659 (1975); and *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975).

Moreover, it should be noted that petitioner's present inability to retain counsel or his alleged inability to obtain assistance from the "law clerk" at the London Correctional Institution poses no barrier to his filing a petition to vacate or set aside sentence under Ohio Rev.Code § 2953.21. Ohio Rev.Code § 2953.24 provides in pertinent part:

(A) Where the petitioner is indigent, he may file with his petition an affidavit stating he is unable to employ counsel. If the court finds that the petition is sufficient on its face and is satisfied that the petitioner is unable to employ counsel, it shall appoint counsel to represent such petitioner both on his petition and on appeal if taken as provided by law.

Since petitioner has not exhausted the state court remedy available to him with respect to his claim of ineffective assistance of counsel, thereby affording the state courts an initial opportunity to consider and correct the constitutional violation alleged, and because the petition is devoid of any allegation of circumstances rendering the state court remedy ineffective in vindicating his rights, the Court concludes that petitioner's third claim cannot be considered for purposes of determining petitioner's entitlement to the requested writ. *See*, 28 U.S.C. § 2254(b), (c).

Wherefore, based on all of the foregoing, the petitioners' application for writ of habeas corpus is dismissed in its entirety. 28 U.S.C. § 2254, Rule 4.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.