826 F.2d 1066
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Phillip WITHEROW, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 86-1940
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1987.
 
 ORDER
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner appeals from the dismissal of his 28 U.S.C. Sec. 2255 action in which he challenged the constitutionality of his 1975 conviction, pursuant to a guilty plea, of bank larceny. The district court dismissed the action as a successive petition. Both parties have submitted briefs on appeal.
 
 
 3
 Upon consideration, we agree with the district court that petitioner's argument that he was denied effective assistance of counsel during plea bargain negotiations and during his guilty plea had been raised by petitioner in two prior motions to vacate his conviction. The district court denied petitioner's first motion on this ground in 1976, and this court affirmed the denial on appeal. A second motion to vacate on this ground was filed by petitioner in 1978 which the district court dismissed as successive. Petitioner did not appeal the dismissal. Under these circumstances, the district court did not abuse its discretion in dismissing this latest action as successive. Longerger v. Marshall 808 F.2d 1169 (6th Cir. 1987); Saylor v. Overberg, 608 F.2d 670 (6th Cir. 1979) (order); Moody v. United States, 580 F.2d 238 (6th Cir. 1978) (per curiam).
 
 
 4
 Petitioner attempted to advance additional grounds for relief by an amended motion to vacate, which he filed over ten years after he was first sentenced and after his sentence had expired. We conclude that the district court did not abuse its discretion in refusing to consider these additional grounds due to the lengthy delay in bringing these grounds before the court. See Owens v. United States, 660 F.2d 696 (6th Cir. 1981) (per curiam); Malone v. United States, 299 F.2d 254 (6th Cir.), cert. denied, 371 U.S. 863 (1962).
 
 
 5
 Therefore, it is ORDERED that the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.