OPINION
Jason Hall appeals from a denial of post-conviction relief. We affirm.
Hall was indicted for two fifth degree felonies — theft and possession of criminal tools — on November 19, 1998. After the trial court overruled his motion for treatment in lieu of conviction, Hall pleaded guilty as charged February 1, 1999. The State's commitment in return for Hall's guilty pleas was stated in the "petition to enter a guilty plea," which Hall signed:
 In consideration of the Defendant's pleas of guilty as charged in the indictment, the State of Ohio will recommend that the Defendant be sentenced to two years. Further, the State would not oppose judicial release after thirty to sixty days, or in the alternative, the State would not oppose the Defendant being screened for the CBCF Program.
The State verbally stated this commitment in open court. The trial court twice stated, and Hall acknowledged that he understood, that the trial court was not obligated by the State's commitment. The trial court eventually sentenced Hall on March 12, 1999, to two consecutive eleven-month sentences. It did not have him screened for the CBCF Program prior to sentencing. Hall did not appeal from the judgment entry imposing the sentences. On June 11, 1999, the trial court overruled Hall's motion for judicial release. On September 10, 1999, Hall petitioned for post-conviction relief and alternatively moved to withdraw his guilty plea, asserting that the State had breached its plea agreement because the probation department failed to screen him for the CBCF Program. The only evidentiary support for the petition and motion was the transcript of the sentencing proceeding. The trial court denied the petition and motion in a written opinion and judgment entry September 20, 1999.
On appeal, Hall advances three assignments of error. At the outset, we note our agreement with the State that the issues on appeal are barred by the doctrine of res judicata. All matters complained of were of record as of March 12, 1999, when the trial court entered its judgment of sentence. Any redress sought by the petition for post-conviction relief could have been sought by direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, syllabus, para. 9. Nevertheless, in the interest of justice, we will address Hall's three assignments of error.
 1. THE STATE BREACHED ITS AGREEMENT WITH DEFENDANT WHEN IT FAILED TO CONDUCT A DRUG SCREEN AS REQUIRED BY THE PLEA AGREEMENT.
There seems to be no doubt that the Adult Probation Department conducts the CBCF screenings, and it did not do so in this case. Having said this, it is an unwarranted leap for Hall to assert that the State has breached its agreement. The State didn't oppose a CBCF screening for Hall nor oppose judicial release. Rather, the trial court chose not to order a CBCF screening or to grant judicial release. The State's commitment did not obligate the trial court. The trial court clearly explained this to Hall when he pleaded guilty, and Hall said he understood. Hall's contention that the Adult Probation Department "is a part of the County Government and an agent of the State," and is thereby bound by the prosecutor's commitment, is an oversimplification that ignores the separation of powers. In criminal cases, the prosecutor represents the executive branch of government. The judiciary is an independent branch of government, and the probation department is an arm of the trial court. R.C.2301.27. The prosecution cannot bind the trial court or its probation department. The trial court can agree to be bound by the terms of a negotiated plea, but that did not happen here. Indeed, just the opposite happened. CBCF screening was not, as Hall contends, an implied condition of the plea bargain. The only condition pertaining to CBCF screening was express: the State would not oppose it. The Court, as discussed above, was not bound by the bargain, as Hall acknowledged.
We would overrule the first assignment of error.
 2. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER THE ADULT PROBATION DEPARTMENT TO CONDUCT THE SCREENING PRIOR TO THE SENTENCING HEARING.
The trial court did not commit itself to have Hall screened for CBCF. Hall is no stranger to the criminal justice system. Indeed, the trial court's findings — which Hall does not challenge on appeal — are to the effect that Hall is not amenable to community control, of which CBCF would be a component. No abuse of discretion is demonstrated.
We would overrule the second assignment of error.
 3. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S PETITION FOR POST RELIEF CONVICTION WITHOUT A HEARING.
Hall's petition for post-conviction relief alleged that the State had breached its plea bargain by not ordering the Adult Probation Department to do the CBCF screening. Attached to the petition was only the transcript of the sentencing proceeding. For reasons advanced above, Hall stated no substantive ground for relief, and the court was entitled to overrule the petition without a hearing. R.C. 2953.21(E); State v. Milanovich (1975),42 Ohio St.2d 46.
We would overrule the third assignment of error.
The judgment will be affirmed.
Although Hall requested oral argument in the last line of his brief, we cannot honor that request. Loc. R. 3 of this court requires requests for oral argument to be made by motion. Absent a separate motion, the court is unaware that oral argument has been requested until it is too late to schedule it.
FAIN, J. and YOUNG, J., concur.