JOURNAL ENTRY AND OPINION
Petitioner Kemmit Woolfolk, Jr. pleaded guilty to one count of aggravated murder, with a felony murder specification. The court sentenced him to a term of life with parole eligibility after twenty years. In this postconviction proceeding, petitioner claims he was denied the effective assistance of counsel because counsel led him to believe that his term of incarceration would be subject to good time, meaning he would be eligible for parole in twelve years. The court denied the petition without a hearing, finding that petitioner's self serving and conclusory statements failed to set forth sufficient operative facts to show his entitlement to relief.
This appeal is taken from the court's June 15, 1999 findings of fact and conclusions of law. However, the record contains an earlier set of findings of fact and conclusions of law dated August 27, 1997. The earlier journal entry addresses the petition for post conviction relief in full and disposes of all claims. There is no apparent reason for the court to issue another set of findings of fact and conclusions of law notably, petitioner made no argument that he did not receive the first set of findings of fact and conclusions of law. In fact, the court appeared to issue the first set of findings of fact and conclusions of law in response to petitioner's request for those findings.
Post conviction proceedings are civil in nature. State v. Milanovich (1975), 42 Ohio St.2d 46, 49. Appeals from court action on post conviction petitions are governed by App.R. 4(A) which requires all civil appeals to be filed within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
The August 29, 1997 findings of fact and conclusions of law fully addressed all issues raised in the petition. In fact, the June 15, 1999 findings of fact and conclusions of law are substantively similar to the August 29, 1997 findings of fact and conclusions of law. There being no meaningful difference between the two entries, and there being no apparent reason for the court to reissue another set of findings of fact and conclusions of law, we find that an appeal should have been brought from the August 29, 1997 judgment entry. Because petitioner failed to file his appeal within thirty days of the August 29, 1997 findings of fact and conclusions of law, we dismiss the appeal as untimely.
It is ordered that appellee recover of appellant its costs herein taxed.
DIANE KARPINSKI, P.J., LEO M. SPELLACY, J., CONCUR.
JOHN T. PATTON, JUDGE