OPINION
Defendant-appellant Mathew E. Mason appeals the June 7, 2001 Judgment Entry of the Ashland County Court of Common Pleas which dismissed his Motion for Order to Preserve Evidence, and Motion for Fingerprint Comparison at State Expense. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 31, 1991, appellant was convicted of aggravated murder. Thereafter, appellant filed two separate motions for a new trial, both of which were denied.
On April 17, 2000, appellant filed a Motion for Leave to File a Delayed Motion for a New Trial. In a May 25, 2000 Judgment Entry, the trial court overruled appellant's motion. Appellant filed a Motion to Reconsider. The trial court overruled the motion in a June 6, 2000 Judgment Entry. On June 20, 2000, appellant filed a Notice of Appeal. This Court affirmed the decision of the trial court in a March 29, 2001 Opinion.
On April 13, 2001, appellant filed a Memorandum in Support of Jurisdiction with the Ohio Supreme Court. In a June 27, 2001 Judgment Entry, the Ohio Supreme Court dismissed the appeal. In the interim, on May 2, 2001, appellant filed two motions with the Ashland County Court of Common Pleas: a Motion for Fingerprint Comparison at State Expense, and a Motion for Order to Preserve Evidence. In a June 2, 2001 Judgment Entry, the trial court dismissed appellant's motion, stating:
 There is no pending open case in the Court. Therefore, this Court lacks jurisdiction to consider the Motions of Defendant currently pending. Therefore, the above two Motions are hereby DISMISSED, accordingly.
It is from this judgment entry appellant prosecutes this appeal, assigning the following error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING THAT IT LACKED JURISDICTION TO CONSIDER THE MOTIONS FILED BY APPELLANT.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Appellant, in his sole assignment of error, contends that the trial court erred in denying appellant's motions on the basis that, since there was no open case pending, it lacked jurisdiction to consider the same. Since the trial court's determination was a legal decision, we shall review the same under the de novo standard.
As is stated above, appellant filed two motions with the trial court on May 2, 2001. While one motion requested fingerprint comparison at state expense, the other sought an order from the trial court preserving evidence. In essence, appellant's two motions sought discovery, presumably, for the purpose of filing a petition for postconviction relief pursuant to R.C. 2953.21.
Ohio law is clear that discovery is not available in the initial stages of a postconviction proceeding. See State v. Byrd (Aug. 21, 2001), Hamilton App. No. C-010379, unreported. As noted by this Court in Statev. Sherman (Oct. 30, 2000), Licking App. No. 00CA39, unreported:
 A petition for post-conviction relief is a civil proceeding. State v. Milanovich (1975), 42 Ohio St.2d 46. However, the procedure to be followed in ruling on such a petition is established by R.C. 2953.21 . . . . Further, the extent of the trial court's jurisdiction [to grant requests for discovery] is set forth by R.C. 2953.21, and the power to conduct and compel discovery under the Civil Rules is not included within the trial court's statutorily defined authority. State v. Lundgren (December 18, 1998), Lake Appellate No. 97-L-110, unreported.
Since, based on the foregoing, the trial court lacks jurisdiction to grant discovery motions that are filed postconviction, appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the June 7, 2001 Judgment Entry of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. concur. Hon. William B. Hoffman, J. dissents.