This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Derrick A. Bradford has appealed from a judgment of the Lorain County Court of Common Pleas that denied his petition for post conviction relief. This Court affirms.
 I.
On September 4, 1996, defendant filed a petition for postconviction relief, alleging ineffective assistance of trial counsel and requesting an evidentiary hearing. On May 20, 1997, the trial court denied his petition without a hearing. Defendant appealed the denial of his petition to this Court. This Court affirmed the majority of the trial court's decision but remanded for an evidentiary hearing on the issue of whether defendant's attorney failed to adequately explain the consequences of the waiver of a right to a trial by jury. State v. Bradford (Apr. 29, 1998), Lorain App. No. 97CA006874, unreported, at 13.
On November 6, 1998, the trial court held an evidentiary hearing on the issue of defendant's attorney's alleged failure to adequately explain the consequences of defendant's waiver of his right to a trial by jury. The trial court again denied defendant's motion for post conviction relief. Defendant timely appealed to this Court and has asserted one assignment of error.
 II. The trial court erred to the prejudice of the defendant in denying [his] post conviction relief after a[n] evidentiary hearing[.] The defendant was denied due process of law in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution through trial counsel's ineffectiveness [in] failing to protect [his] right to waive jury trial[.] [T]he waiver of the jury trial was not in compliance with the mandates of the R.C. 2945.05[;] therefore, the trial court lacked jurisdiction to try [him] without a jury in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Ohio Revised Code section R.C. 2945.05.
In his assignment of error, defendant has argued that the trial court erred in finding that he was not denied effective assistance of counsel. The only issue before this Court is whether the trial court erred when it determined that defendant was informed of his right to a jury trial by his attorney.[1]
This Court affirms.
In his petition for post conviction relief, Defendant argued that his attorney failed to inform him of his right to a jury trial. Defendant admitted that he signed a waiver that stated, "[d]efendant hereby waives his right to a trial by jury and requests that this matter be tried to the court." Defendant, however, contends that his counsel was ineffective because he allowed defendant to sign the waiver without informing defendant of the right that he was waiving.
Post conviction relief proceedings are civil in nature.State v. Milanovich (1975), 42 Ohio St.2d 46, 49. The trial court is the trier of fact. Section 2953.21 of the Ohio Revised Code. Thus, the trial court is in the best position to resolve questions of fact and determine the credibility of witnesses. SeeState v. Dunlap (1995), 73 Ohio St.3d 308, 314; State v. Fanning
(1982), 1 Ohio St.3d 19, 20. "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123.
A reviewing court can only reverse the factual findings of a trial court if the findings are against the manifest weight of the evidence. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederickv. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175; see, also State v.Otten (1986), 33 Ohio App.3d 339, 340. Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
At the evidentiary hearing, defendant testified that prior to his trial he met with his attorney two or three times, but that his attorney never discussed waiving a jury and trying his case to the court. He further testified that he did not understand, at that time, how a jury trial was supposed to function and that he had no knowledge or understanding of a right to a jury trial. Defendant admitted that he signed the waiver of his right to a jury trial, but testified that he did not know how to read at that time. He stated that he learned to read while incarcerated and that other inmates had helped him file his post conviction relief petition. Finally, he testified that he had previously been convicted of breaking and entering in Michigan. He stated that he pled guilty to the charges in that case and that neither the judge nor his attorney in that case informed him that he had a right to a jury trial and that by pleading guilty he was waiving that right.
 Defendant's trial counsel, attorney Daniel Wightman, also testified at the evidentiary hearing. He testified that he met with defendant five times at the jail and that he believed all of those times were prior to the trial. He testified that he recalls having discussions with defendant pertaining to the waiver of a jury trial and having the case tried to a visiting judge. He recalled explaining to defendant the right to a jury trial, the process of selecting a jury, and that any verdict would have to be unanimously agreed to by all twelve jurors.
Mr. Wightman further testified that it was rare for him to recommend waiving a jury and trying a case to the court, but that the facts in defendant's case supported such action. He stated that he told defendant that the jurors might be inherently suspicious of an out-of-state defendant who was stopped on the highway with a very large amount of cocaine. He recalled that he did not have to convince defendant to waive his right to a jury trial because defendant was willing to do so.
After observing each witness as they testified, the trial court found that the testimony of Mr. Wightman was credible and worthy of great weight, and that defendant's testimony lacked credibility and weight. The trial court found that Mr. Wightman did adequately explain to defendant the consequences of the waiver of his right to a trial by jury; therefore, it held that defendant failed to prove that his attorney's performance was deficient. After reviewing the record and weighing the evidence and all reasonable inferences, this Court concludes that the trial court did not clearly lose its way and create a manifest miscarriage of justice. Defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ BETH WHITMORE
 FOR THE COURT
CARR, P. J.
BATCHELDER, J.
CONCUR
[1] Defendant has also argued that his waiver of his right to a jury trial was not in compliance with Section 2945.05 of the Ohio Revised Code. This Court has already determined that that assignment of error could have been raised on direct appeal; therefore, it was barred by res judicata. State v. Bradford (Apr. 29, 1998), Lorain App. No. 97CA006874, unreported, at 8. Accordingly, this Court will not address that portion of his assignment of error again.