OPINION
These appeals are taken by Defendant-Appellant Mark A. Stolzenburg from the judgments entered by the Court of Common Pleas of Auglaize County denying his motions for post conviction relief and relief from judgment.
On June 30, 1998, Stolzenburg plead guilty to two Bills of Information and one count of an Indictment. Each information filed separately under different case numbers charged Stolzenburg with one count of sexual battery, a felony in the third degree, and one count of abduction, a felony of the third degree. Additionally, Stolzenburg plead guilty to the count contained in the separate indictment, receiving stolen property, a felony in the fourth degree. Upon accepting the pleas, the trial court sentenced him to eighteen years incarceration with the Ohio Department of Rehabilitation and Corrections and found him to be a sexual predator.
On January 13, 1999, Stolzenburg filed a petition for post-conviction relief pursuant to R.C. 2953.21. The trial court appointed counsel to represent Stolzenburg. On January 25, 1999, the State of Ohio filed an answer to the petition and moved for summary judgment. On February 23, 1999, the trial court granted the State's motion for summary judgment and dismissed Stolzenburg's petition.
On March 17, 1999, Stolzenburg moved for relief from judgment pursuant to Civil Rule 60(B). On March 25, 1999, Stolzenburg filed a notice of appeal for his denial of post conviction relief. This court remanded the case to the trial court until the motion for relief from judgment had been heard. The trial court denied Stolzenburg's motion for relief from judgment. Stolzenburg again filed notice of appeal from the denial of relief from judgment. This court consolidated the appeals. On appeal from those denials Stolzenburg makes the following two assignments of error:
 The trial court erred to appellant's prejudice by dismissing appellant's post-conviction relief petition without reviewing the record.
 The trial court erred by denying appellant's motion for relief from judgment.
Stolzenburg's first assignment of error claims that the trial court erred by granting summary judgment to the State on his petition for post-conviction relief. He further alleges that even if summary judgment were proper the trial court erred because it failed to review the entire record before granting summary judgment and subsequently, failed to make findings of fact or conclusions of law when entering judgment on the petition.
Post-conviction relief is governed by R.C. § 2953. statute provides in part:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (4) A petitioner shall state in the original or amended petition filed under division (A) of this section, all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived.
 (C) * * * Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 (D) * * * Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record.
 (E) Unless the petition and the files and records of the case show that the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *
 (G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.
An action for post-conviction relief filed pursuant to the above statute is a civil proceeding. State v. Nichols (1984),11 Ohio St.3d 40, 42. Post-conviction relief procedures are therefore, governed by the Ohio Rules of Civil Procedure. Careful analysis of R.C. § 2953.21 reveal that when a petition for post-conviction relief is filed either party may move for summary judgment. As a result, when considering an appeal from the granting of summary judgment, the standard of review is that ordinarily used on appeal from summary judgment and is governed by Civ.R.56. State v. Milanovich (1975), 42 Ohio St.2d 46,325 N.E.2d 540.
We review the grant of a motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Pursuant to Civ.R. 56(C) summary judgment shall not be granted unless a moving party establishes: 1) that there is no genuine issue as to any material fact; 2)the moving party is entitled to judgment as a matter of law; 3) that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881.
Stolzenburg asserts that the State failed to meet its burden of proof required for summary judgment because they merely asserted that he had no evidence in the form of affidavits or other documentation to support his claim of ineffective assistance of counsel. Specifically, he claims that under Dresher v. Burt
(1996), 75 Ohio St.3d 280, 662 N.E.2d 264, that the party seeking summary judgment may not rest on the simple allegation that the nonmoving party cannot prove its case.
However, the Supreme Court of Ohio has held that "in a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson
(1980), 64 Ohio St.2d 107. Should the petitioners fail to support their petition with evidentiary documents they have failed to meet their initial burden under the law.
The record before this court discloses that Stolzenburg filed his petition for post-conviction relief claiming ineffective assistance of counsel without attaching or furnishing thereafter, any documents or affidavits to support his claim. Therefore, under State v. Jackson, Stolzenburg failed to meet his initial evidentiary burden and summary judgment was proper.
Despite this Stolzenburg urges this court to follow our decision in State v. Jones (April 23, 1999) Auglaize County App. No. 2-98-37, unreported, where we reversed the judgment of the trial court in a factually similar situation. In Jones the petitioner submitted his petition for post-conviction relief and the State without filing a response immediately moved for summary judgment claiming that the petitioner had no evidence to prove his claim of ineffective assistance. Without the issues having been "made up" as required by R.C. 2953.21, the trial judge granted the State's motion and dismissed the petition without a hearing or issuing findings of fact or conclusions of law.
However, unlike Jones, here the State filed an answer thus defining the issues to be resolved, and after the issues were properly made up made a motion for summary judgment claiming that the petitioner had not met its initial burden of showing that facts exist outside the trial record from which ineffective assistance counsel might be found, as required by Jackson. The trial judge then gave Stolzenburg an opportunity to come forward with the necessary evidence to fulfill his burden to show he had a meritorious claim based on facts outside the record. Finding the petitioner had produced no such evidence the court granted summary judgment on that issue of law and dismissed the petition. Therefore the rule announced in State v. Jones does not apply here.
In spite of this conclusion Stolzenburg maintains that the trial court still committed error when it granted summary judgment because it failed to issue findings of fact and conclusions of law. According to R.C. § 2953.21(G), when a trial court determines that summary judgment is proper and there are no grounds upon which the trial court may grant the petitioner relief, then the trial court "shall make findings of fact and conclusions of law" before entering judgment denying relief.
"The purpose of findings of fact and conclusions of law is to give the appellate court an understanding of the basis for the trial court's decision, and thus an ability to review the propriety of that decision." State v. Hale (March 25, 1993), Franklin County App. No. 92AP-1296 citing State v. Lester (1975),41 Ohio St.2d 51, 55; State v. Clemmons (1989), 58 Ohio App.3d 45; State v. Mapson (1982), 1 Ohio St.3d 217. Further, the findings of fact must elaborate and examine the merits of the claim. The findings may not simply restate the procedural posture or inadequacies of the case. State v. Hale (March 25, 1993), Franklin County App. No. 92AP-1296.
In the present case, the entry granting summary judgment to the State read:
 "* * * The Defendant had an obligation to come forward with the evidence he claims to have, but the defendant has failed to respond even though the Court gave him a month to do so. No request to continue the hearing has been received prior to hearing, and the defendant's failure to support his claims with evidence either filed with the petition or in response to the motion for summary judgment entitles the State to summary judgment."
The findings of fact and conclusions of law issued by the court and outlined above delineate both the procedural and substantive reasons for the trial court's decision. The trial court having properly issued adequate findings of fact and conclusions of law as required by R.C. 2953.21, Stolzenburg's first assignment of error is overruled.
In his second assignment of error Stolzenburg claims that the trial court erred when it failed to grant his motion for relief from judgment pursuant to Civ.R. 60(B).
Civ.R. 60(B) states in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
 In order to prevail on a motion made pursuant to Civ.R.60(B) the movant must demonstrate all of the following: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds or relief are Civ.R.60(b)(1),(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146.
The decision to grant or deny a 60(B) motion lies within the sound discretion of the trial court and will not be reversed on appeal absent a showing that the trial court has abused its discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,637 N.E.2d 914. "An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary or unconscionable." Nichols v. Hanzel
(1996), 110 Ohio App.3d 591 citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 citing State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, 148. When applying an abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301,1308-1309.
The State has conceded that Stolzenburg filed his motion pursuant to rule 60(B)(1) within a reasonable time. However, the record reveals that Stolzenburg has failed to show that he has a meritorious claim. Stolzenburg's petition for post-conviction relief raised only two issues: (1) Ineffective assistance of counsel and (2) Falsification of testimony by a victim. As stated earlier the trial court dismissed this petition pursuant to the State's motion for summary judgment because Stolzenburg had failed to meet his evidentiary burden under Jackson.
In his motion for relief from judgment Stolzenburg asserted that he had a meritorious claim in his petition because he did not knowingly, voluntarily, and intelligently enter his plea and the trial court did not advise him of the consequences of his plea. The meritorious claim that Stolzenburg now alleges was not the basis for his petition for post-conviction relief and therefore cannot serve as the basis for his relief from judgment entered upon that petition. Since Stolzenburg has failed to satisfy one of the requirements necessary for relief from judgment pursuant to Civ.R.60(B)(1), this court is unable to find any abuse of discretion on the part of the trial court in denying his motion for relief. Therefore, no error having been shown Stolzenburg's second assignment of error is overruled and the judgments of the Court of Common Pleas of Auglaize County are affirmed.
Judgments affirmed.
 HADLEY, P.J., and WALTERS, J., concur.