OPINION
Defendant, Bruce Champion, appeals from an order of the court of common pleas that granted a motion of Plaintiff, the State of Ohio, for summary judgment on Champion's R.C. 2953.21 petition for post-conviction relief.
Champion was convicted in 1998 of Aggravated Robbery, two counts of Kidnapping, two counts of Aggravated Robbery, and one count of Aggravated Murder. The convictions were entered on guilty verdicts returned by a jury. Champion was sentenced according to law. This court subsequently affirmed his convictions and sentence. State v. Champion (March 15, 1999), Montgomery App. No. 17176, unreported.
Champion filed a petition for post-conviction relief in 1999. The petition relied on affidavits signed by Lloyd Jackson, who was Champion's accomplice in committing the offenses.
Lloyd Jackson didn't testify at Champion's trial, and the parties stipulated that Jackson would assert his Fifth Amendment privilege if called. The State was then allowed to introduce evidence of Jackson's statements to police implicating Defendant-Appellant Champion, however. On appeal, we found no error in so doing. Id.
In the affidavits that were presented in support of Champion's petition, Jackson states that he lied to police when he implicated Champion, acting out of fear that if he didn't he would suffer the death penalty upon conviction. Jackson also states: "I should have said something earlier but Mr. Levinson (the prosecuting attorney) didn't allow me in court." Jackson further states that Beverly Williams, a victim who did testify for the State, cooperated with him by giving false evidence implicating Champion.
The trial court reviewed the petition and the affidavits. Based on its written findings of fact and conclusions of law, the court granted the State's motion for summary judgment. Jackson filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR IT WAS AN ABUSE OF DISCRETION AND PREJUDICIAL ERROR FOR THE TRIAL COURT TO TREAT THE STATE'S MOTION FOR SUMMARY JUDGMENT AS A MOTION TO DISMISS AND GRANT SUCH JUDGMENT IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW.
 SECOND ASSIGNMENT OF ERROR IT WAS AN ABUSE OF DISCRETION AND PREJUDICIAL ERROR FOR THE TRIAL COURT TO GRANT THE RESPONDENT-APPELLEE A SUMMARY JUDGMENT WHEN GENUINE ISSUE OF MATERIAL FACT REMAINED IN THE CASE AND THE JUDGMENT WAS NOT BASED UPON DOCUMENTARY EVIDENCE SUBMITTED BY THE STATE OF OHIO THEREBY MANIFESTING THAT JUDGMENT WAS NOT WARRANTED BY LAW.
Though the error assigned under these two headings is couched in differing terms, the arguments Defendant-Appellant presents in support of them amount to but one claim in law: that the trial court erred when it granted the State's motion for summary judgment because genuine issues of material fact remain for determination, requiring an evidentiary hearing on the grounds for post-conviction relief on which Champion's petition relies.
Post-conviction relief proceedings commenced pursuant to R.C. 2953.21
are civil in nature. State v. Nichols (1984), 11 Ohio St.3d 40. Civ.R. 56 applies, therefore, and where upon a motion by the prosecuting attorney the pleadings and evidentiary materials show that there is no genuine issue as to any material fact, and no substantial constitutional issue is established, the petition must be dismissed. State v. Milanovich (1975), 42 Ohio St.2d 46. Further,
 "where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104."
State v. Calhoun (1999), 86 Ohio St.3d 279, 284.
Defendant-Appellant Champion argues that the affidavits presented in support of his petition demonstrate a violation of the due process of law requirements of the Fourteenth Amendment to the United States Constitution announced in Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215. Those requirements impose an affirmative duty on the prosecution to disclose evidence which the accused has requested when it is material to guilt or punishment.
Id. To establish a Brady violation, a defendant must show that (1) the prosecution failed to disclose evidence upon request, (2) the evidence was favorable to the defense, and (3) the evidence was material. Moore v. Illinois (1972), 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706.
The statements that Lloyd Jackson made in his affidavits, to the effect that Defendant-Appellant was "framed" by the false statements that Jackson made to police and the false evidence that Beverly Williams gave at trial, was material to Champion's guilt of the offenses with which he was charged. It was also, to the extent that it demonstrates that Champion was not involved in those offenses, favorable to him. However, nothing in the affidavit demonstrates that the State or its prosecutor was aware of those matters, and that awareness is a necessary predicate to any duty imposed on the State by Brady to disclose those matters or the information they involve. Absent such a showing, and irrespective of the possible truth of Jackson's claims, no constitutional violation is demonstrated. Absent a constitutional violation, post-conviction relief is unavailable. Milanovich, supra; Calhoun, supra.
The first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT'S ENTRY OF DISMISSAL DEPRIVED APPELLANT OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW WHERE THERE ARE INSUFFICIENT FINDING OF FACT AND CONCLUSIONS OF LAW TO SUPPORT THE SUMMARY DISMISSAL.
Defendant-Appellant Champion argues that the trial court failed to make the findings and conclusions necessary to grant the State's motion. We have reviewed the trial court's written decision, and we conclude that it fully complies in those respects with the requirements imposed by State v. Calhoun, supra. The contention is without merit, therefore.
The third assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented for review, we will affirm the judgment from which this appeal was taken.
BROGAN, J. and YOUNG, J., concur.