This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the state, appeals the decision of the Summit County Court of Common Pleas granting appellee, Lamonta R. McCoy's ("McCoy"), petition for postconviction relief. The trial court found that McCoy was denied the effective assistance of counsel and ordered a new trial. We reverse.
 I.
The grand jury indicted McCoy for rape, in violation of R.C.2907.02(A)(2); intimidation of a witness, in violation of R.C. 2921.04(B) and three counts of sale of alcohol to an underage person, in violation of R.C. 4301.69(A). After a jury trial, McCoy was found guilty of the lessor-included offense of attempted rape, in violation of R.C. 2923.02
and 2907.02(A)(2) and guilty of three counts of sale of alcohol to underage person. The trial court sentenced McCoy to five years for the attempted rape and six months for each count of sale of alcohol to an underage person.
On May 9, 2001, McCoy filed a petition for postconviction relief on the basis that he failed to receive the effective assistance of trial counsel. Specifically, McCoy alleged that his trial counsel was ineffective for introducing evidence that McCoy: 1) had outstanding warrants regarding a restraining order and a misdemeanor domestic violence charge, 2) had little education experience, 3) was not employed, and 4) had spent time in jail awaiting his trial. After an evidentiary hearing on McCoy's petition, the trial court found that McCoy's trial counsel was ineffective and ordered a new trial.
This appeal followed.
 II.
Assignment of Error:
 THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND GRANTED DEFENDANT'S PETITION FOR POST CONVICTION RELIEF.
In its sole assignment of error, the state argues that the trial court erred in finding that McCoy received ineffective assistance of counsel. According to the state, Mccoy did not overcome the presumption that trial counsel's introduction of evidence regarding McCoy's misdemeanor warrants, lack of education, lack of employment and time spent in jail awaiting trial might be considered sound trial strategy. We agree.
Initially, we note that postconviction proceedings are civil in nature. State v. Milanovich (1975), 42 Ohio St.2d 46, 49. Postconviction relief procedures are therefore governed by the Ohio Rules of Civil Procedure. As a result, when considering an appeal from the granting of a new trial in connection with postconviction relief, the standard of review is that ordinarily used on appeal from a new trial and is governed by Civ.R. 59.
The standard to review a trial court's decision to grant a new trial is not necessarily governed by abuse of discretion. In Rohde v. Farmer
(1970), 23 Ohio St.2d 82, the court explained the applicable standard of review as follows:
 [W]here a trial court is authorized to grant a new trial for a reason which requires the exercise of sound discretion, the order granting a new trial may be reversed only upon a showing of an abuse of discretion by the trial court. Where, however, a new trial is granted by a trial court, for reasons which involve no exercise of discretion, but only a decision as to a question of law, the order granting a new trial may be reversed on the basis of a showing that the decision was erroneous as a matter of law.
Id. at 90. Accordingly, our standard of review in the present case is denovo.
A petition for postconviction relief may be granted only where the petitioner demonstrates that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution. See R.C. 2953.21(A). When a petition for postconviction relief asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107, syllabus.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate. Strickland, 466 U.S. at 689,80 L.Ed.2d at 694-695.
While counsel is required to consult with a client on important trial decisions, great latitude is given to defense counsel in matters of trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100-101. Debatable trial tactics generally do not constitute a deprivation of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49. In evaluating trial counsel's strategy, a reviewing court must try to eliminate hindsight and attempt to evaluate the conduct from counsel's perspective at the time. Strickland, 466 U.S. at 689,80 L.Ed.2d at 694-695. A reviewing court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689, 80 L.Ed.2d at 694-695, citing Michel v.Louisiana (1955), 359 U.S. 91, 101, 100 L.Ed. 83, 93.
Further, when it is not shown that counsel failed to research the facts or the law, or that he was ignorant of a crucial defense and made a tactical choice to present or withhold certain evidence, the reviewing court will defer to counsel's judgment in the matter. Clayton,62 Ohio St.2d at 49. The Ohio Supreme Court has recognized that if counsel decides, for strategic reasons not to pursue every possible trial strategy, the defendant is not denied effective assistance of counsel.State v. Brown (1988), 38 Ohio St.3d 305, 319. An appellate court reviewing an ineffective assistance of counsel claim "must refrain from second-guessing the strategic decisions of trial counsel." State v.Carter (1995), 72 Ohio St.3d 545, 558. A strong presumption exists that defense counsel's actions are the product of a sound trial strategy. SeeState v. Thompson (1987), 33 Ohio St.3d 1, 10-11.
At trial, the victim testified that she returned McCoy's page and gave him directions to her girlfriend's house. The victim stated that she and her friend voluntarily got into McCoy's vehicle, drove around drinking alcohol and engaged in a conversation regarding oral sex. McCoy, as the driver of the vehicle, chose to take the group to Steve's motel. After entering the motel room, the victim allowed McCoy to kiss and hug her. However, the victim testified that on the evening in question she told McCoy three times that she was not planning on "doing anything." First when the group arrived at the motel, then as McCoy was paying for the room and again when the couple was in the room. McCoy performed oral sex on the victim and then became upset when the victim refused to reciprocate. The couple argued and then McCoy drove the girls home.
Detective David Rodgers responded to a call from Children's Hospital in reference to the victim's alleged rape. He spoke with McCoy several times on the phone regarding the rape allegations. McCoy refused to come to the station for questioning because of outstanding warrants and a restraining order that his girlfriend had against him. During these initial phone conversations, McCoy denied having any sexual intercourse with the victim. After McCoy was arrested and placed in jail, he refused to submit a blood sample.
At trial, McCoy admitted he performed oral sex on the victim in the motel room. He also admitted that he lied to the detective when he denied having any sexual intercourse with the victim.
Defense counsel chose a particular trial strategy to explain McCoy's failure to report to the police station for questioning and his inconsistent statements regarding the sexual intercourse with the victim. Defense counsel believed that the jury could interpret McCoy's evasive behavior as evidence of his guilt of the rape charge. Therefore, defense counsel presented evidence of McCoy's outstanding misdemeanor warrants including a traffic offense, menacing charge and domestic violence charge as an explanation for his evasive behavior with the detective. Defense counsel's inquiries into McCoy's educational background, employment status and time spent in jail awaiting trial were trial strategies to invoke sympathy from the jury.
After a careful review of the record, we find that McCoy did not meet his burden of establishing the lack of competent counsel and that he was prejudiced by counsel's ineffectiveness. McCoy failed to demonstrate that defense counsel's conduct was not trial strategy. Thus, we "cannot say that counsel was ineffective simply because the trial strategy proved unsuccessful." State v. Frazier (1991), 61 Ohio St.3d 247, 255. Albeit defense counsel chose an ineffective strategy at trial, the fact that another strategy may have been more effective does not in and of itself constitute a breach of an essential duty to appellant. Clayton,62 Ohio St.2d at 49. Accordingly, the state's sole assignment of error is sustained.
 III.
Having sustained the state's assignment of error, we reverse the judgment of the trial court.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.