OPINION
{¶ 1} Pursuant to plea negotiations, James Bush entered a plea of no contest to Aggravated Arson, a first degree felony. In return for this plea, the State dismissed charges of Attempted Aggravated Arson and Possession of a Dangerous Ordnance, which are second and fifth degree felonies respectively. The trial court found Bush guilty of Aggravated Arson and, after receiving a pre-sentence investigation report, sentenced him to three years incarceration, the minimum sentence. Bush entered his plea September 28, 2001, before a different judge than the judge who imposed sentence November 14, 2001.
{¶ 2} On appeal, Bush advances two assignments of error:
{¶ 3} "1. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
{¶ 4} "2. THE COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING WITH RESPECT TO APPELLANT'S ORAL REQUEST FOR PLEA WITHDRAWAL."
{¶ 5} The second assignment of error is dispositive of this appeal. We sustain the second assignment of error and overrule the first assignment as moot.
{¶ 6} When Bush appeared for sentencing, the following discussion occurred among the trial judge, defense counsel, and Bush:
{¶ 7} "THE COURT: This was set for probation report. It's a report last week but defendant indicated orally that he was going to be filing a motion to withdraw his plea. There has been nothing filed.
{¶ 8} "The Court has reviewed the transcript of — the official transcript, which is the tape of that plea, at which time the defendant on at least two occasions, both — because it's a videotape — both indicated orally, signed the paper, and shook his head emphatically that there had been no promises; and specifically the judge in that tape asked whether or not he understood there was a presumption of favor of incarceration, and the defendant indicated yes.
{¶ 9} "So if a motion for a withdrawal of the plea, the Court denies that motion at this time.
{¶ 10} "Mr. Goraleski, is there anything further you wish to say before the Court imposes sentence?
{¶ 11} "MR. GORALESKI (defense counsel): No, Your Honor.
{¶ 12} "THE COURT: Mr. Bush, is there anything you wish to say?
{¶ 13} "THE DEFENDANT: I've been asking this man for withdrawal since October 2nd, when I was reincarcerated, and I don't feel he's ever worked in my best interest. And the only reason why I took this plea is I have an aunt that's a cancer patient, not expected to see Christmas, and this man promised me workhouse time and paper to accept the plea. And he sold me out."
{¶ 14} The trial judge accurately summarized the proceedings wherein Bush had entered his no contest plea. It would appear that the trial judge concluded that any claim by Bush that his counsel had promised him he would get workhouse time instead of a prison sentence would not be believable. The trial judge foreclosed any further consideration of Bush's desire to withdraw his no contest plea on his reading of the transcript of the no contest plea.
{¶ 15} State v. Xie (1992), 62 Ohio St.3d 521 holds: "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."
{¶ 16} In our judgment, a plea of no contest entered upon a promise by defense counsel of workhouse time (which is a function of community control rather than a prison sentence) is not knowing and voluntary where a prison sentence is imposed when the defendant appears for sentencing.
{¶ 17} Thus, if the trial judge intended to impose a prison sentence, he should have first conducted a hearing to determine whether Bush's counsel had indeed promised him workhouse time. It would not have been unduly burdensome for the trial judge to have put Bush and his counsel under oath, taken their respective versions of their discussions, and decided whether Bush had been promised workhouse time.
{¶ 18} To be sure, the transcript of the no contest plea is compelling evidence that Bush was not promised workhouse time. Nevertheless, the transcript is not necessarily conclusive evidence.State v. Milanovich (1975), 42 Ohio St.2d 46 dealt with a situation similar to that presented here in the context of post conviction relief. The petitioner alleged that his guilty plea "was induced by counsel's promise that `shock parole' would be granted if [he] entered a guilty plea." The trial court dismissed the petition without a hearing, based upon the transcript of petitioner's plea of guilty. The court of appeals reversed and remanded for an evidentiary hearing. The supreme court affirmed the court of appeals, stating in part:
{¶ 19} "In the instant case, petitioner's claim is that his guilty plea was induced by counsel's promise that `shock parole' would be granted if petitioner entered a guilty plea.
{¶ 20} "If this allegation is true, appellee's conviction was arguably voidable. * * *
{¶ 21} "The trial judge relied upon the transcript of the change of plea hearing to infer that appellee's claim was untrue. Certainly, the fact that appellee signed change-of-plea form,
{¶ 22} in open court, which stated that no promises of leniency or probation had been made, weighs heavily against any claim to the contrary. Nevertheless, the procedural mechanism of obtaining a signed statement that a guilty plea was voluntary cannot preclude all further challenge; `* * * like any procedural mechanism, its exercise is neither always perfect nor uniformly invulnerable to subsequent challenges calling for an opportunity to prove the allegations.' Fontaine v. UnitedStates (1973), 411 U.S. 213, 215. In particular, we cannot agree with the finding of the Court of Common Pleas `[t]hat the record shows that petitioner's claim that he was assured by his counsel that he would be placed on probation is untrue.' No such showing appears on the record, even in the form of a statement by Mr. Lewis (defense counsel at time of guilty plea), who was present at the hearing. The possibility exists that the in-court statements which appear on the record were part of an out-of-court understanding, in furtherance either of a plea bargain or of a plan which petitioner's counsel had promised would result in `shock parole'."
{¶ 23} It is true that the supreme court now requires more of a post conviction relief petitioner before an evidentiary hearing must be granted than did the Milanovich court. See State v. Kapper (1983),5 Ohio St.3d 36. Nevertheless, we believe Milanovich remains instructive in the context of presentence motions to withdraw guilty and no contest pleas, given the command in Xie that the trial court conduct a hearing.
{¶ 24} The judgment will be reversed and this case will be remanded for further proceedings, including an evidentiary hearing, consistent with this opinion.
FAIN and GRADY, JJ., concur.