OPINION
{¶ 1} Appellant, Odraye G. Jones, appeals from the September 6, 2001 judgment entry of the Ashtabula County Court of Common Pleas.
 {¶ 2} On November 17, 1997, Officer William D. Glover, Jr. of the Ashtabula Police Department ("Officer Glover") attempted to arrest appellant on outstanding felony warrants. Officer Glover had seen appellant on West 43rd Street in Ashtabula. When he approached appellant, appellant fled on foot. Officer Glover entered into pursuit. Shortly after the pursuit began, appellant turned and fired on Officer Glover. Officer Glover sustained wounds to his face, the top of his head, and his right shoulder. The wounds to his face and head were inflicted from a distance of less than one foot. He later died from his wounds. At the time he was shot, his duty weapon was still in its holster, which was snapped shut.
 {¶ 3} After the shooting, Officer Robert Stell ("Stell") found appellant several blocks from the scene of the shooting. Stell approached appellant with his weapon drawn and ordered him to the ground. Appellant threw his weapon into some nearby shrubbery, and then complied with Stell's order.
 {¶ 4} Appellant's weapon was recovered and was found to match the bullets removed from Officer Glover. Additional cartridges were found in appellant's pocket. Gunshot residue was also found on his hands.
 {¶ 5} Appellant was indicted on November 26, 1997. He was charged with one count of aggravated murder in the shooting death of Officer Glover. The indictment contained one death penalty specification pursuant to R.C. 2929.04(A)(3); two death penalty specifications pursuant to R.C.2929.04(A)(6); and, one firearm specification pursuant to R.C. 2941.145.
 {¶ 6} On May 26, 1998, a jury found appellant guilty of aggravated murder and all four specifications as charged in the indictment. The sentencing phase of the trial commenced on June 2, 1998. On June 4, 1998, the jury returned a death sentence recommendation. The trial court imposed a sentence of death on appellant on June 8, 1998. Appellant appealed to the Supreme Court of Ohio, which affirmed the trial court's decision. State v. Jones (2001), 91 Ohio St.3d 335.
 {¶ 7} Appellant filed a petition for post-conviction relief on November 5, 1999. The trial court denied appellant's petition without an evidential hearing in an October 26, 2000 judgment entry. While appellant's appeal from the trial court's denial of his petition for post-conviction relief was pending, appellant filed a Civ.R. 60(B) motion for relief from judgment. We remanded the matter to the trial court to address the motion for relief from judgment. The trial court, in its September 6, 2001 judgment entry, overruled appellant's motion for relief from judgment. The appeal was refiled in this court on September 7, 2001. We affirmed the trial court's October 26, 2000 denial of appellant's petition for post-conviction relief in State v. Jones (Apr. 26, 2002), 11th Dist. No. 2000-A-0083, 2002 WL 737074. Appellant is now appealing the trial court's denial of his motion for relief from judgment.
 {¶ 8} Appellant has filed a timely appeal and makes the following assignment of error:
 {¶ 9} "The trial court erred by failing to grant appellant's [Civ.R.] 60(B)(5) motion for relief from judgment dismissing his capital post-conviction petition."
 {¶ 10} As a preliminary matter, we must address whether a motion for relief from judgment is appropriate in the context of the denial of a petition for post-conviction relief. We would note that a petition for post-conviction relief is a civil proceeding, in which the prosecutor represents the state as a party. State v. Sullivan (Dec. 23, 1999), 8th Dist. Nos. 74735 and 74736, 1999 WL 1249529, at 3, citing State v.Milanovich (1975), 42 Ohio St.2d 46, 49. The Eighth Appellate District has concluded that because a petition for post-conviction relief pursuant to R.C. 2953.21 is a civil proceeding, a Civ.R. 60(B) motion for relief from judgment is appropriate in the context of the trial court's judgment entry regarding such a petition. Sullivan, supra, at 3. Similarly, this court has held that a trial court cannot deny a motion for relief from judgment with respect to post-conviction relief proceedings "solely on the basis that [the post-conviction petition] requested civil relief from a judgment handed down in a criminal proceeding." State v. Bush (Feb. 6, 1998), 11th Dist. No. 97-T-0035, 1998 WL 173010, at 2. Therefore, there is sufficient precedent for the filing of Civ.R. 60(B) motions for relief from judgment in connection with the trial court's denial of a petition for post-conviction relief.
 {¶ 11} Addressing appellant's motion, we note that Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *"
 {¶ 12} The Supreme Court of Ohio has held that to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,150.
 {¶ 13} Turning to the case at hand, appellant's Civ.R. 60(B) motion was premised on ineffective assistance of counsel, which would come under the rubric of "any other reason justifying relief from judgment." In civil matters, an attorney's neglect will normally be imputed to the party he represents. Office v. Office (Aug. 24, 2001), 2d Dist. No. 18693, 2001 WL 958935, at 3. Therefore, a party would not be entitled to relief under Civ.R. 60(B)(5) for inexcusable neglect on the part of his attorney. Id. The party's remedy would be a malpractice action against the attorney. Id. However, in a criminal matter, a defendant has a Sixth Amendment right to counsel, and his attorney's neglect cannot be imputed to the client. Therefore, in this case, appellant could properly seek relief from judgment under Civ.R. 60(B)(5) for ineffective assistance of counsel. However, in pursuing such relief, appellant has encountered an assertion by the state that the issues raised in his petition are res judicata.
 {¶ 14} In State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio held:
 {¶ 15} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis added.) Typically, a claim of ineffective assistance of trial counsel is raised on the appellant's direct appeal.[1] However, there are exceptions to this rule.
 {¶ 16} Res judicata does not apply to an ineffective assistance of counsel argument when the appellant's trial counsel and appellate counsel are the same, due to the lawyer's inherent conflict of interest. Statev. Lentz (1994), 70 Ohio St.3d 527, 530. In the instant matter, appellant's trial counsel were David Doughten and Robert Tobik. On his direct appeal, he was represented by David Bodiker, Stephen Ferrell, and Robert Dixon. Since appellant was represented by different counsel at trial and on appeal, he should have raised, and did raise the issue of ineffective assistance of counsel in his direct appeal. State v. Pierce
(1998), 127 Ohio App.3d 578, 585.
 {¶ 17} An additional exception to res judicata exists when a defendant presents "new, competent, relevant and material evidence dehors the record." State v. Redd (Aug. 31, 2001), 6th Dist. No. L-00-1148, 2001 WL 1001182, at 1, citing State v. Smith (1985) 17 Ohio St.3d 98. The outside evidence must meet a threshold level of cogency. State v. Lynch
(Dec. 21, 2001), 1st Dist. No. C-010209, 2001 WL 1635760, at 3.
 {¶ 18} "[Such evidence] must be `competent, relevant and material' to the claim, be more than marginally significant, and advance the claim `beyond mere hypothesis and a desire for further discovery.' * * * Thus, it must not be cumulative of or alternative to evidence presented at trial." (Citations omitted.) State v. Fears (Nov. 12, 1999), 1st Dist. No. C-990050, 1999 WL 1032592, at 3; State v. Lawson, 10th Dist. No. 02AP-148, 2002-Ohio-3329, at 15.
 {¶ 19} Further, "the evidence dehors the record must not be evidence which was in existence and available for use at the time of trial and which could and should have been submitted at trial if the defendant wished to use it." State v. Slagle (Aug. 10, 2000), 8th Dist. No. 76834, 2000 WL 1144947, at 3; Lawson, supra, at 16 (in a post-conviction petition in which defendant asserted that his sentence was not consistent with sentences imposed for similar offenses, summaries of forty-one criminal cases involving sentences for trafficking in drugs were not evidence sufficient to overcome the doctrine of res judicata because they were in existence and available at the time of defendant's sentencing); State v. Richey (Nov. 18, 1997), 3d Dist. No. 12-97-7, 1997 WL 722782, at 2 (expert testimony that is dehors the record does not overcome the bar of res judicata if the defendant could have presented at trial the testimony of an expert who disagreed with the state's expert, and if the techniques used for analyzing the data were available at the time of the trial); Redd, supra, at 2 (alibi affidavits that were not part of the trial record do not constitute newly discovered evidence if the information contained in the affidavits was available to the defendant at the time of his trial). Therefore, to overcome the res judicata bar, it is not sufficient for the petitioner to simply present evidence outside the record, he must also demonstrate that the evidence was not available at the time of his trial, or at the time of his direct appeal.[2]
 {¶ 20} Appellant references three items of evidential quality that he alleges were outside the trial court record and which support his claim of ineffective assistance of counsel: an affidavit sworn by Lanice Hinson ("Hinson"); the statement Teresa Taylor ("Taylor") made to the police on November 17, 1997; and, a motion to suppress filed by Anthony Barksdale ("Barksdale") in connection with Barksdale's indictment for obstruction of justice, which arose from the shooting of Officer Glover and the events of November 17, 1997.
 {¶ 21} Hinson was a friend of Taylor. In her affidavit, Hinson swore to the following version of events: she was walking on West 43rd Street on the afternoon of November 17, 1997, when she heard a "popping sound." As she passed Taylor's house, Taylor came out of her house and asked Hinson what had happened. During the subsequent conversation, which lasted approximately twenty minutes, Taylor never mentioned that she had witnessed a shooting.
 {¶ 22} In his Civ.R. 60(B)(5) motion, appellant argued that Hinson's affidavit supports a finding of ineffective assistance of counsel because it shows that appellant's trial counsel failed to properly investigate Taylor, who was one of two witnesses who provided eyewitness testimony as to the events surrounding the murder of Officer Glover. We would note initially that there is no statement in Hinson's affidavit from which we can conclude that appellant's trial counsel failed to speak to her. If trial counsel did speak to Hinson, he may have determined that she was not a credible witness. Therefore, we cannot conclude from the face of the affidavit that appellant's trial counsel failed to properly investigate Taylor.
 {¶ 23} Also, to overcome the bar of res judicata with respect to the conduct of his trial counsel, appellant must show not only that Hinson's statement is one which dehors the record, but also that it was not in existence and available for use at the time of trial. No showing has been made by appellant that trial counsel was prevented from speaking to Hinson prior to appellant's trial, or that Hinson was unavailable at the time of the trial.
 {¶ 24} Finally, even if appellant could overcome the res judicata bar with respect to Hinson's affidavit, the affidavit itself lacks sufficient specificity to serve as a basis for the cross-examination of Taylor. Hinson stated in her affidavit that she heard "a popping sound. I didn't know it was a gunshot." This suggests that Hinson heard a single popping sound, which would be inconsistent with the fact that at least four shots were fired. Hinson also admitted in her affidavit that she did not recognize the popping sound as a gunshot. Additionally, there is nothing in the affidavit that connects the alleged conversation between Hinson and Taylor with the shooting. Hinson's affidavit is not specific as to the time at which she spoke with Taylor, nor does Hinson mention hearing sirens, seeing police cruisers, seeing paramedics, or any other activity consistent with a police officer being killed a short distance from Taylor's house. Accepting Hinson's affidavit as true, it establishes only that she spoke to Taylor on the day of the shooting, and that Taylor had heard an unidentified popping sound.
 {¶ 25} The second exhibit appellant submitted in support of his Civ.R. 60(B)(5) motion was the statement of Taylor taken at the Ashtabula City Police Department on November 17, 1997. Appellant's trial counsel clearly referenced this statement at trial, and used it in the course of cross-examining Taylor; therefore, it falls within the realm of evidence which was in existence and available to the defendant at the time of the trial and which could and should have been submitted at trial if the defendant wished to make use of it. Fears, supra, at 3. Any contention by appellant that trial counsel was ineffective in using this statement for the purpose of cross-examining Taylor should have been raised on appellant's direct appeal. This issue is res judicata for purposes of appellant's petition for post-conviction relief and his motion for relief from judgment from the trial court's denial of that petition.
 {¶ 26} The third and final exhibit submitted by appellant is the motion made by Barksdale to suppress statements he made to the Ashtabula police. The motion to suppress was filed on January 9, 1998, after Barksdale had been indicted for obstructing justice. In his motion, Barksdale argued that he lacked the mental and emotional capacity to make a voluntary statement. Appellant cites the motion as evidence that Barksdale had been coerced into making a statement implicating appellant in the murder of Officer Glover. Appellant contends that his trial counsel provided ineffective assistance by failing to cross-examine Barksdale regarding this motion to suppress.
 {¶ 27} Appellant has failed to overcome the res judicata bar with respect to Barksdale's motion to suppress. Barksdale was a key witness for the state. He was present at the shooting of Officer Glover and was indicted for obstructing justice with respect to the murder investigation. His motion to suppress was a public record filed ten months prior to appellant's trial. Given those circumstances, we consider his motion to suppress, to the extent that it was relevant to his cross-examination, as evidence which was available at the time of trial and which should have been submitted by appellant at that time if he wished to use it. Therefore, it is not evidence that was unavailable to appellant at the time of trial and does not overcome the holding inPerry.
 {¶ 28} For the foregoing reasons, we conclude that appellant's sole assignment of error is without merit, and that the trial court did not err in denying his motion for relief from judgment. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
WILLIAM M O'NEILL, P.J., DIANE V. GRENDELL, J., concur.
[1] We would note that, for obvious reasons, claims of ineffective assistance of appellate counsel could not be raised on direct appeal, and, therefore, would not be subject to res judicata in an initial petition for post-conviction relief. Here, however, appellant's motion for relief from judgment raised issues of ineffective assistance of trial counsel.
[2] Examples of evidence that dehors the record and not in existence or available at the time of trial that would overcome res judicata would include: evidence withheld by the state; an affidavit by a witness sworn to after the trial in which the witness states that his testimony at trial was false; and, a DNA finding in cases that were heard before the use of DNA evidence.