OPINION
{¶ 1} On December 5, 2003, the Delaware County Grand Jury indicted appellant, Douglas Stillman, on two counts of attempted murder in violation of R.C. 2923.02/2903.01, one count of felonious assault in violation of R.C. 2903.11, two counts of rape in violation of R.C. 2907.02
and three counts of kidnapping in violation of R.C. 2905.01 (Case No. 03CRI12-566).
 {¶ 2} On January 23, 2004, the Delaware County Grand Jury further indicted appellant on one count of tampering with evidence in violation of R.C. 2921.12 and one count of intimidation of a witness in violation of R.C. 2921.04 (Case No. 04CRI01-021).
 {¶ 3} On May 14, 2004, a bill of information was filed charging appellant with domestic violence in violation of R.C. 2919.25 (Case No. 04CRI05-185). All charges arose from incidents involving appellant's live-in girlfriend, Ashley Parrott.
 {¶ 4} All three cases proceeded to trial on May 18, 2004. Prior to trial, the state dismissed one count of rape and one count of kidnapping. The jury found appellant guilty of the felonious assault count, the remaining rape count, the two remaining kidnapping counts, the tampering with evidence count, the intimidation of a witness count and the domestic violence charge. The jury found appellant not guilty of the attempted murder counts.
 {¶ 5} By judgment entry filed June 29, 2004, the trial court sentenced appellant to eight years on the felonious assault, six years on the rape, five years on the kidnapping, four years on the tampering, six months on the intimidation and twelve months on the domestic violence. The eight years on the felonious assault and the four years on the tampering were ordered to be served consecutively for a total of twelve years. The remaining sentences were ordered to be served concurrently to each other and to the twelve year sentence.
 {¶ 6} On December 20, 2004, this court affirmed appellant's convictions and sentences. See, State v. Stillman, Delaware App. No. 04CAA07052, 2004-Ohio-6974.
 {¶ 7} On March 14, 2005, appellant filed a motion for postconviction relief with the trial court. By judgment entry filed April 1, 2005, the trial court denied said motion.
 {¶ 8} On April 11, 2005, appellant filed a motion for reconsideration of the April 1, 2005 decision. By judgment entry filed April 21, 2005, the trial court denied the motion.
 {¶ 9} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 10} "THE COURT'S DECISION TO DENY APPELLANTS' POST CONVICTION PETITION BASED ON 'PROCEDURE' IS UNCONSTITUTIONAL AS IT APPLIES TO APPELLANT IN THIS CASE."
 II {¶ 11} "THE COURT ERRED WHEN THEY DENIED APPELLANTS' POST CONVICTION PETITION WHEN THEY MISTAKINGLY (SIC) THOUGHT THAT THEY NO LONGER HAD JURISDICTION OF THE APPEAL."
 III {¶ 12} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A MAXIMUM SENTENCE ON THE FELONIOUS ASSAULT BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY DEFENDANT PURSUANT TO BLAKELY V. WASHINGTON AND UNITED STATESV. BOOKER."
 IV {¶ 13} "THE TRIAL COURTS SENTENCING OF APPELLANT TO CONSECUTIVE SENTENCES ON THE FELONIOUS ASSAULT AND TAMPERING WITH EVIDENCE BASED ON FACTS NOT FOUND BY THE JURY PURSUANT TO BLAKELY V. WASHINGTON AND U.S.V.BOOKER IS UNCONSTITUTIONAL."
 I, II, III, IV {¶ 14} Appellant claims the trial court erred in denying his petition for postconviction relief. We disagree.
 {¶ 15} On March 14, 2005, appellant filed a petition for postconviction relief, claiming the maximum or consecutive sentence should not have been imposed in light of the United States Supreme Court decisions of Blakely v. Washington (2004), 542 U.S. 296, and UnitedStates v. Booker (2005), 125 S.Ct. 738. In denying the petition, the trial court found it was untimely filed pursuant to R.C. 2953.21(A)(2) which states a petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." See, Judgment Entry filed April 1, 2005. As the trial court noted, exceptions for late filings are provided for in R.C. 2953.23 which states the following in pertinent part:
 {¶ 16} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 17} "(1) Both of the following apply:
 {¶ 18} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 19} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 20} The trial court found while appellant argued subsection (A)(1)(a) in his petition, appellant "did not provide a basis under R.C.2953.21(1)(b) which also is a requirement to avoid the filing deadline."[1] See, Judgment Entry filed April 1, 2005.
 {¶ 21} In addition, the trial court noted the issues set forth by appellant were already determined by this court on direct appeal. In his direct appeal, appellant challenged the maximum and consecutive sentence on the basis of Blakely, supra, and this court denied the assignments of error. See, State v. Stillman, Delaware App. No. 04CAA07052,2004-Ohio-6974, Assignments of Error VIII and IX.
 {¶ 22} Upon review, we find the trial court did not err in denying appellant's petition for being untimely filed. Also, to revisit the stated issues on the maximum and consecutive sentence in light of this court's opinion would constitute res judicata. State v. Szefcyk, 77 Ohio St.3d 93,1996-Ohio-337; Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331;State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 23} Appellant argues the trial court erred in its judgment entry denying his motion for reconsideration. In its judgment entry of April 21, 2005, the trial court stated it lacked jurisdiction to rule on the motion for reconsideration because appellant had filed an appeal on April 6, 2005. The appeal filed on said date was an appeal to the Supreme Court of Ohio of this court's decision of December 20, 2004. Although the trial court erred, we find the error to be harmless. Crim.R. 52(A). The trial court did not base its decision solely on jurisdiction, as the trial court also stated it "reconsidered its Decision and is of the position that the original Decision was correct." In addition, as a petition for postconviction relief is a civil action, the civil rules of procedure and the postconviction statutes do not provide for motions for reconsideration. State v. Milanovich (1975), 42 Ohio St.2d 46; Pitts v.Ohio Department of Transportation (1981), 67 Ohio St.2d 378.
 {¶ 24} Assignments of Error I, II, III and IV are denied.
 {¶ 25} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
[1] We note the trial court erroneously listed R.C. 2953.21 when it clearly meant R.C. 2953.23.