[Cite as *State v. Honzu*, 2024-Ohio-5439.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-T-0054 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| DAVID HONZU, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00469 |

**O P I N I O N**

Decided: November 18, 2024
Judgment: Affirmed

*David Honzu*, pro se, PID# A794-676, Marion Correctional Institution, 940 Marion-Williamsport Road, E., P.O. Box 57, Marion, OH 44301 (Defendant-Appellant).

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, David Honzu ("Mr. Honzu"), appeals from the judgment entry of the Trumbull County Court of Common Pleas that granted the State's motion to dismiss and denied his petition for postconviction relief without an evidentiary hearing. The trial court found Mr. Honzu failed to set forth sufficient operative facts that established substantive grounds for relief since he raised an issue he already raised in his direct appeal and in his application to reopen.

{¶2} Mr. Honzu raises one assignment of error on appeal, contending that the trial court erred by denying his petition without an evidentiary hearing since he proved with evidence de hors the record that his trial counsel were ineffective. (Mr. Honzu was represented by two public defenders).

{¶3} After a careful review of the record and pertinent law, we find Mr. Honzu's assignment of error is without merit. We find no error in the trial court's detailed and comprehensive decision to dismiss Mr. Honzu's petition without an evidentiary hearing since he failed to allege substantive grounds for relief. Mr. Honzu has repeatedly raised the issue of the alleged ineffectiveness of his trial counsel for failing to file a motion to suppress the evidence obtained from the search of his cell phone due to an allegedly defective warrant and its supporting affidavit. Mr. Honzu also failed to support the conclusory allegations in his petition with any supporting evidence and/or an affidavit. Thus, his claim is barred by the doctrine of res judicata.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶5} This case arises from an attempted kidnapping at a self-service car wash in Champion, Ohio, that was caught on tape. The police were able to identify Mr. Honzu, and his motor vehicle from the footage, which enabled them to discover his home address. Later that night/early morning, the police located Mr. Honzu driving home and initiated a traffic stop. After he initially resisted getting out of his vehicle, Mr. Honzu finally complied. When he did, he appeared intoxicated, he was barefoot and naked from the waist down, his eyes were glassy, and he had a white substance in and around his mouth.

2

{¶6} The police conducted an inventory search of Mr. Honzu's vehicle, and in the process, in plain view, found pieces of crack-cocaine, parts of a Chore Boy Brillo sponge, and pieces of a pipe. Mr. Honzu was arrested, and his vehicle was towed. Later, the police procured two search warrants for his vehicle and his cell phone. The police found a chaotic scene of various items in his vehicle, including a bottle of lotion, crumpled napkins, disposable surgery gloves, a tarp, a welding mask, cleaning supplies, underwear, a pair of men's shoes, and a pocketknife. Conversely, the hatch/trunk area of the vehicle was completely clean. Data reports from Mr. Honzu's cell phone revealed he drove to two other car washes and accessed numerous pornography sites that evening, including immediately prior to the incident.

{¶7} After a bench trial, the trial court found Mr. Honzu guilty of two counts of attempted kidnapping with sexual motivation, sexually violent predator and repeat violent offender specifications, and one count of tampering with evidence. At a sentencing hearing, after merging the two counts of attempted kidnapping, the trial court sentenced Mr. Honzu to an aggregate prison sentence of 17 years to life.

{¶8} We affirmed Mr. Honzu's conviction in *State v. Honzu*, 2023-Ohio-2831 (11th Dist.). As relevant to this appeal, we found Mr. Honzu's assignment of error contending his trial counsel were ineffective because they failed to file a motion to suppress the evidence obtained from the search of his cell phone to be without merit. *Id.* at ¶ 61. More specifically, we determined that the warrant and the supporting affidavit to search Mr. Honzu's cell phone were not facially defective and particularly described what data was to be seized. *Id.* at ¶ 59. The warrant identified that the phone was located during the inventory search of Mr. Honzu's vehicle and that it was likely to contain location

3

information/date and app-based data that was evidence of the crime of kidnapping. *Id.* at ¶ 60. Similarly, the affidavit set forth the facts of the crime and the data from the cell phone that was sought to be seized and searched. *Id.* We concluded that Mr. Honzu's trial counsel were not ineffective because there was no reasonable probability the motion to suppress would have been granted. *Id.* at ¶ 61.

{¶9} Mr. Honzu filed an application for reopening pursuant to App.R. 26(B), arguing that his appellate counsel was ineffective for failing to argue that his cell phone was illegally seized and that any data from the search should have been suppressed. We denied his application, determining that he failed to set forth an assignment of error that was not previously considered on the merits or assert that it was considered on an incomplete record due to appellate counsel's deficient performance. In other words, he failed to demonstrate a genuine issue or raise a colorable claim regarding the ineffectiveness of his appellate counsel.

### Mr. Honzu's Petition for Postconviction Relief

{¶10} Mr. Honzu then filed a petition for postconviction relief in the trial court. For the third time, Mr. Honzu argued his trial counsel were ineffective for failing to file a motion to suppress the evidence obtained from his cell phone because the warrant lacked probable cause. He argued the supporting affidavit was conclusory and failed to state particularly the items to be seized. Mr. Honzu did not attach any evidentiary documents and/or an affidavit in support of his petition.

{¶11} The State filed a motion to dismiss Mr. Honzu's petition, contending that his claim of ineffective assistance of counsel was barred by the doctrine of res judicata and

4

that he failed to attach any evidence de hors the record and/or an affidavit to support his claim.

{¶12} The trial court granted the State's motion to dismiss and denied Mr. Honzu's petition without an evidentiary hearing after finding Mr. Honzu failed to raise any substantive grounds for relief. The court reviewed that Mr. Honzu failed to support his allegation with evidentiary documents and/or an affidavit. The court further found that Mr. Honzu's claim was barred by the doctrine of res judicata, and that his appellate counsel, who differed from his trial counsel, raised the issue on direct appeal, as did Mr. Honzu in his pro se application to reopen. The court concluded Mr. Honzu failed to meet the burden necessary to allege his ineffective assistance of trial counsel claim pursuant to R.C. 2953.23.

{¶13} Mr. Honzu raises one assignment of error for our review:

{¶14} "Trial judge erred in denying the post conviction relief petition without a hearing when Appellant proved with evidence de hors the record that trial counsel was ineffective at trial."

**Petition for Postconviction Relief**

{¶15} A petition for postconviction relief may be filed by a convicted criminal defendant who claims "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . ." R.C. 2953.21(A)(1)(a)(i). The petition shall state the grounds for relief relied upon and may ask the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. *Id.*

5

Case No. 2024-T-0054

**{¶16}** If the petition "'is sufficient on its face to raise an issue that the petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.'" *State v. Bunch*, 2022-Ohio-4723, ¶ 23, quoting *State v. Milanovich*, 42 Ohio St.2d 46 (1975), paragraph one of the syllabus.

**{¶17}** "In determining whether the petition states a substantive ground for relief, the trial court must consider the entirety of the record from the trial proceedings as well as any evidence filed by the parties in postconviction proceedings. R.C. 2953.21(D). If the record on its face demonstrates that the petitioner is not entitled to relief, then the trial court must dismiss the petition. R.C. 2953.21(D) and (E). If the record does not on its face disprove the petitioner's claim, then the court is required to 'proceed to a prompt hearing on the issues.' R.C. 2953.21(F)." *Bunch* at ¶ 24.

**{¶18}** In order for a trial court to grant a hearing on a petition for postconviction relief based on ineffective assistance of counsel, Mr. Honzu's "postconviction petition need not definitively establish counsel's deficiency or whether [he] was prejudiced by it. Instead, the petition must be sufficient on its face to raise an issue whether [Mr. Honzu] was deprived of the effective assistance of counsel." *Id.* at ¶ 27. Further, his claim must depend on "factual allegations that cannot be determined by examining the record from his trial." *Id. See also State v. Cole*, 2 Ohio St.3d 112, 114 (1982) (to merit a hearing on a postconviction ineffective-assistance claim, a petitioner must proffer evidence outside the record that if true, would show that counsel was ineffective).

6

Case No. 2024-T-0054

{¶19} Fundamentally, a petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Hobbs*, 2011-Ohio-5106, ¶ 17 (11th Dist.). Pursuant to the doctrine of res judicata, "'"a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, *any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.*"'" (Emphasis added.) *Id.*, quoting *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995), quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). However, "claims [of ineffective assistance of counsel] that rely on evidence outside the record may be heard on postconviction review even if similar claims have been previously raised and adjudicated against the petitioner in his direct appeal" and thus are not barred by the doctrine of res judicata. *State v. Blanton*, 2022-Ohio-3985, ¶ 41. *See also State v. Kyles*, 2024-Ohio-998, ¶ 25 (12th Dist.) (a petitioner who presents a claim of ineffective assistance of counsel, and who demonstrates through evidence outside the trial record that their claim either was not, or could not have been, fairly adjudicated in a direct appeal is provided a second opportunity to litigate the claim, avoiding dismissal based on the doctrine of res judicata).

{¶20} We review a trial court's decision on a petition for postconviction relief for abuse of discretion. *Hobbs* at ¶ 14. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). In matters relating to postconviction relief, the trial court's decision should be given deference. *State v. Gondor*, 2006-Ohio-6679, ¶ 52.

7

Case No. 2024-T-0054

**Ineffective Assistance of Counsel**

{¶21} In his sole assignment of error, Mr. Honzu contends his trial counsel was ineffective for failing to file a motion to suppress the evidence seized from the search of his cell phone because the warrant lacked probable cause. Mr. Honzu contends the officer made conclusory allegations in the warrant's supporting affidavit that failed to connect the cell phone with any alleged crime.

{¶22} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, "the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . considering all the circumstances." *Id.* at 688.

{¶23} "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶24} We find no error in the trial court's decision to dismiss Mr. Honzu's petition without an evidentiary hearing or in its finding that his claim of ineffective assistance of counsel is barred by the doctrine of res judicata. Mr. Honzu raised this issue on direct

8

appeal with new appellate counsel and in a pro se application to reopen. We note that "[w]here defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief." *Cole*, 2 Ohio St.3d at syllabus.

{¶25} In addition, Mr. Honzu was required to proffer evidence outside the record that if true, would show that his trial counsel were ineffective. *State v. Boyd*, 2023-Ohio-4725, ¶ 11 (7th Dist.); *Bunch*, 2022-Ohio-4723, at ¶ 24, 27. Mr. Honzu failed to attach even a self-serving affidavit to support the conclusory allegations in his petition.

{¶26} In sum, Mr. Honzu "was required [but failed] to raise in his petition a triable issue of fact, supported by evidence outside the record, whether his trial counsel was deficient and whether that deficiency prejudiced him. [Mr. Honzu's] evidence, if true, must [have shown] that trial counsel's actions were not reasonable 'under prevailing professional norms,' *Strickland* at 688, . . . and that 'there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt,' *id.* at 695 . . . ; *see also Hinton v. Alabama*, 571 U.S. 263, 275 . . . (2014)." *Bunch*, 2022-Ohio-4723, at ¶ 37.

{¶27} Mr. Honzu's assignment of error is without merit.

{¶28} The judgment of the Trumbull County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

9

Case No. 2024-T-0054